W. H. ENGLISH *v.* NEW ORLEANS & NORTH EASTER R. R.
Co. ET AL.

[57 South. 223.]

1. SUPREME COURT.   *Questions reviewable.*

Where the rule which prohibits the varying of a written contract
by parol evidence is the same both in this state and the state
where the contract was executed, it is immaterial whether the
contract is governed by the *lex fori* or by the *lex loci.*

2. SAME.

Where a contract is partly in writing and partly parol it is not
permissible to vary by parol that portion of the agreement which
was by the parties reduced to writing.

APPEAL from the circuit court of Lauderdale county.
HON. JOHN L. BUCKLEY, Judge.

For former report of this case see *ante,* page 575, this
book. The opinion below was rendered on suggestion
of error.

SMITH, J., delivered the opinion of the court.

Appellant suggests that we have erred in holding that
the rule prohibits the varying of a written contract by
parol is a rule of evidence, and consequently governed by
the *lex fori.* While this rule is generally treated and re-
ferred to as a rule of evidence it may be that it is, in
fact, a rule of substantive law, and consequently gov-
erned by the *lex loci.* Assuming, then, that the appellant
is correct in stating that this cause must be determined
by the law of Louisiana, the judgment of the lower court
must still be affirmed; for the "parol evidence rule" in
that state, in so far as the point now under consideration
is concerned, is identical with the rule in Mississippi.
Article 2276 of the Civil Code of Louisiana provides
that "neither shall parol evidence be admitted against

or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since;'' and the ground of the decision in the case of *Barfield* v. *Saunders,* 116 La. 136, 40 South. 593, manifestly is that, ''where the stipulation of a writing concerning consideration . is contractual, it cannot be varied by parol.'' The rule in Mississippi and Louisiana, therefore, being the same, it becomes immaterial whether the contract here involved is governed by the *lex fori* or the *lex loci;* for, in either event, the result must be the same. The statement in our former opinion that ''the matter now under consideration relates to a rule of evidence, and consequently the *lex fori* governs,'' was therefore, unnecessary, is hereby withdrawn, and we will express no opinion relative thereto, leaving that matter to be decided when it becomes necessary for us so to do.

We fully understand that this suit was brought upon a verbal agreement, and that appellant does not rely upon the written contract. We also understand that this verbal agreement was only a part of the whole agreement then entered into by the parties; a part of it having been reduced to writing. It is true that the rule in Louisiana is that ''where a writing, although embodying an agreement is manifestly incomplete and not intended by the parties to exhibit the whole agreement, but only to define some of its terms, such parts of the actual contract as are not embraced within its scope may be established by parol evidence.'' *Davies* v. *Bierce,* 114 La. 663, 38 South. 488. For the sake of the argument, we will concede, without deciding, that the same rule prevails in Mississippi, and that the writing here under consideration is of that character; and still we must arrive at the same conclusion, for it would not be permissible to vary by parol that portion of the agreement which was by the parties thereto reduced to writing.                                    *Overruled.*