RICE, et ux. *v.* UNITED STATES FIDELITY & GUARANTY Co., et al.

No. 41116            September 28, 1959            114 So. 2d 612

*Morse & Morse,* Jackson, for appellants:

No attorney listed for appellees.

McGEHEE, C. J.

This appeal is from an order of the Chancery Court of Hinds County dismissing the bill of complaint of the appellants Joe G. Rice and wife Adelle U. Rice against the Trustee in Bankruptcy of the Nu-Pine Corporation and the United States Fidelity & Guaranty Company, surety on the bond of the said corporation under the provisions of Section 5368, Mississippi Code of 1942, and amendments thereof. The suit was dismis-

sed on the ground that the Nu-Pine Corporation was in bankruptcy and that the said bankrupt had not been discharged, and that the federal district court therefore had jurisdiction in the matter.

The bill of complaint charged that the appellants were induced to purchase worthless stock in the Nu-Pine Corporation by reason of false and fraudulent misrepresentations made to them by the stock salesman of the said corporation, and that the appellee United States Fidelity & Guaranty Company had executed a bond in the sum of $10,000 for the protection of the appellants and others against said alleged fraud, and that therefore the bankruptcy of the said corporation did not relieve its surety on its said obligation.

We do not have the benefit of any brief on behalf of either the surety or the trustee in Bankruptcy on this appeal, but we are of the opinion from the authorities cited by the appellants that the trial court erred in finally dismissing the suit for alleged lack of jurisdiction.

Title 11 of U. S. C. A., Section 34, provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

We think that in view of the allegations of the bill of complaint as to fraud, against which the surety bond of the appellee United States Fidelity & Guaranty Company was filed with the Secretary of State, as a condition precedent to the right of the corporation to issue and sell its stock, and for other reasons, the trial court was in error in dismissing the bill of complaint for alleged lack of jurisdiction, and that the case must therefore be reversed and remanded for further proceedings not inconsistent with the views heretofore expressed.

Reversed and remanded.

*Lee, Kyle, Holmes* and *Arrington, JJ.*, concur.