Hederi, et al. *v.* United States Fidelity & Guaranty Co., et al.

No. 41117          September 28, 1959          114 So. 2d 615

*Morse & Morse,* Jackson, for appellants.

No attorney lister for appellees.

LEE, J.

Emile F. Hederi and Frances A. Hederi filed, in the Chancery Court of Hinds County, their bill against United States Fidelity & Guaranty Company, Robert G. Nichols, Jr., Trustee for Nu-Pine Corporation in Bankruptcy, and Heber Ladner, Secretary of State. In effect it was charged that Nu-Pine Corporation was organized under the laws of this state, and on March 19th and April 30th, 1957, amended its charter so as to authorize an increase in its capital stock; that it filed an application, as required by Section 5362, Code of 1942 Rec., for a permit to sell its stock, and on April 30, 1957, posted with the Secretary of State its bond in the sum of $10,000 with United States Fidelity & Guaranty Company as surety to comply with Section 5367, Code of 1942 Rec.; that said bond was approved by the Secretary of State on May 16, 1957, and on the same date, that officer issued to the corporation a certificate of authority to sell its stock; and that said corporation was therefore qualified under the Blue Sky Laws, Section 5360, et seq., Code of 1942 Rec. They further charged that the $10,000 bond in question, under the provisions of Section 5368, Code of 1942 Rec. was a guaranty of indemnity to subsequent purchasers of stock in the corporation against loss by reason of any misrepresentations by agents of the corporation of material facts concerning its stock.

In detail, the complainants set out the representations which were made to them by the salesman of Nu-Pine Corporation, as a result of which, they were induced to purchase, on June 17, 1957, 200 shares of the stock of the corporation for the sum of $1,000; but they charged that such representations were utterly false and without foundation of fact, pointing out wherein they were allegedly false; and they averred that, as a result of such false representations upon which they relied, the com-

plainants were cheated and defrauded out of the money which they paid for the stock.

On the return day, there was a motion by Robert G. Nichols, Jr., for and on behalf of the Nu-Pine Corporation in Bankruptcy and United States Fidelity & Guaranty Company to dismiss the action on the ground that the Nu-Pine Corporation had been adjudicated a bankrupt on April 9, 1958, and had not been discharged; that the collateral for the bond, which was executed by United States Fidelity & Guaranty Company, was the sum of $10,000 in cash on deposit in a Federal Savings & Loan Association of Jackson, Mississippi, and was a part of the estate of the bankrupt; and that the complaint of any stockholder could properly be heard in the bankrupt court. The motion was sustained, and the suit was dismissed. From that action, the complainants appealed.

Sections 5360, et seq., Code of 1942 Rec., contain the so-called Blue Sky Laws of this State. The clear purpose, under the statute, for the execution of the $10,000 bond was to protect purchasers of stock in the corporation against loss on account of the misrepresentation of any material fact concerning such stock. As expressly provided by the statute, a right of action on the bond arose to them for such damages as they sustained thereby, together with interest and reasonable attorney's fees. Sections 5367 and 5368, Code of 1942 Rec. See also New Amsterdam Casualty Co. v. Wood, et al, 213 Miss. 499, 57 So. 2d 141.

Title 11 of U. S. C. A., Section 34, provides: "The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

Manifestly the trial court was in error in dismissing this action, and, for that reason, the cause is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Kyle, Holmes* and *Arrington, JJ.,* concur.