UNITED STATES FIDELITY & GUARANTY COMPANY *v.* JOE G. RICE et al. and EMILE F. HEDERI et al.

(Consolidated Cases)

No. 41774          May 29, 1961          130 So. 2d 924

June 12, 1961

130 So. 2d 927

*Snow, Covington & Shows,* Meridian; *Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellant.

*Morse & Morse,* Jackson, for appellee.

McElroy, J.

This is an appeal from the Chancery Court of the First Judicial District of Hinds County, wherein a decree was rendered against the surety upon a Blue Sky Bond in two suits, which were consolidated and heard together. In each case the surety filed its plea that the full penalty of the bond had been recovered in another suit in the same court, and that the judgment rendered had been previously paid in full, but the court held that the surety was estopped to so plead. The consolidated cases were then heard upon bill, answer and proof, and resulted in a decree and in separate judgments against the surety. The surety assigns error and appeals to this Court.

It is the contention of the appellant that the measure of its liability is the penalty of its bond; that the rendi-

tion and payment of a judgment for that penalty exhausts the bond, and that same may be pleaded as a defense in subsequent proceedings thereon; and that while the surety may have the right to interplead or to enjoin adverse claimants, or to pursue other remedies for its protection, it is not compelled to do so in the absence of law or statute so requiring; but that it has a right to stand upon the terms of its contract and to meet the demands of the law as they arise.

The Nu-Pine Corporation was organized January 25, 1957. Talmadge H. Heard purchased $10,000 of the common stock and was made a director on May 1, 1957. On May 13, 1957, appellant, United State Fidelity & Guaranty Company, became the surety on a bond in the penal sum of $10,000, under the provisions of Sec. 5368, Miss. Code of 1942, Recompiled the said bond being conditioned that Nu-Pine Corporation will comply with the provisions of the Blue Sky Laws in connection with the sale of stock, bonds and other securities of said Corporation.

Nu-Pine Corporation became bankrupt on April 8, 1958. On May 19, 1958, appellees filed suit against the trustee in bankruptcy of Nu-Pine Corporation and the United States Fidelity & Guaranty Company, surety on this bond, charging that by reason of false and fraudulent misrepresentation made to them by the stock salesman of said Corporation, they were entitled to bring suit against the said United States Fidelity & Guaranty Company as surety on said Blue Sky Bond. The said trustee in bankruptcy and the United States Fidelity & Guaranty Company filed a motion to dismiss the said suits for alleged lack of jurisdiction. This plea or motion was sustained and the suits were dismissed. Appellees appealed to the Supreme Court and neither the trustee in bankruptcy nor the United States Fidelity & Guaranty Company filed any briefs in those cases, and on September 28, 1959, the cases were reversed and

remanded for trial. Rice, et ux. v. United States Fidelity & Guaranty Company, et al., 237 Miss. 247, 114 So. 2d 612 and Hederi, et al. v. United States Fidelity & Guaranty Company, et al., 237 Miss. 251, 114 So. 2d 615. The two cases above referred to were heard in the Chancery Court of Hinds County, Mississippi by Chancellor Stokes V. Robertson, Jr.

While the aforementioned cases were pending on appeal in the Supreme Court of Mississippi, and on November 20, 1958, Talmadge H. Heard filed suit against the United States Fidelity & Guaranty Company only and United States Fidelity & Guaranty Company filed its answer on January 23, 1959, generally denying liability and putting the plaintiff to proof. It made no mention in its pleadings and did not advise the court of the pendency of the suits filed by appellees and which were then on appeal to the Supreme Court. The Heard case was heard before a different chancellor than the one who heard and tried the appellees' case. On February 16, 1959, Heard recovered judgment against the United States Fidelity & Guaranty Company on said Blue Sky Bond for $10,000 and on February 28, 1959, United States Fidelity & Guaranty Company paid off the Heard judgment which consumed the full penalty of the Blue Sky Bond.

On October 8, 1959, the mandate from the Supreme Court reversing the judgments in the suits by appellees was filed in the chancery court. The two cases were consolidated and tried together, one involving Rice and his wife and the other involving Hederi and his wife.

The appellant then filed in the present suits by appellees a plea in bar alleging that Heard had filed suit on the same bond and that on February 16, 1959, a final decree was entered for the full penalty of the bond of $10,000 and that on February 28, 1959, the surety had paid the said judgment in full, and that the entire penalty of the bond sued upon had been exhausted and nothing re-

mained of its penalty to be recovered. Appellees filed an appropriate pleading contending that appellant was estopped to plead the recovery and payment of the penalty of the bond in the Heard case.

The chancellor sustained appellees in their contention that appellant was estopped to plead recovery and payment of the entire penalty of the bond in the Heard case; found that the stock salesman of Nu-Pine Corporation had made false representations in the sale of the stock to appellees and rendered judgment against appellant in favor of appellees Rice and his wife for $1,751.25 and in favor of Hederi and his wife for $1,167.50, plus attorneys' fees.

On this appeal appellant contends that the lower court was in error in holding that appellant was estopped to plead the recovery and payment of the full penalty of the bond in the Heard suit. We are of the opinion that the chancellor was justified under the peculiar facts of this case in deciding the case on the basis of estoppel.

The statute under which the appellant became surety under the Blue Sky Law Bond expressly provides that no recoveries upon the bond shall ever exceed the penalty thereof and there is no provision for the prorata distribution of the proceeds in the event claims exceed the penalty of the bond. We recognize these provisions of the statute and ordinarily the surety cannot be held liable for a greater amount than the penalty of the bond. We also recognize the general rule that when a claimant recovers judgment for the full penalty of the bond, the payment of such judgment is a bar to subsequent suits.

Appellant contends that there is no element of estoppel in this case and cites 19 Am. Jur., Estoppel, Sec. 42, where an apt statement is made of the elements and grounds of estoppel. He also cites 31 C. J. S., Estoppel, Sec. 59, p. 236, and Sec. 67a (1), p. 254.

When appellant answered in the Heard suit, it knew that appellees' suits had been on file a long time before Heard filed his suit; it knew that it had taken joint action with the trustee in bankruptcy to cause the appellees' suits to be dismissed in the chancery court and that appellees had filed an appeal and the appeal was then pending in the Supreme Court. It also knew that no briefs were filed by the United States Fidelity & Guaranty Company or the trustee in bankruptcy to sustain the dismissal of appellees' suits. It knew that if the Heard suit went to judgment, it would exhaust the entire amount of the penalty of the bond to the complete destruction of appellees' claims on the same bond. Appellant could have protected itself either by requesting the court to abate the Heard suit, the filing of an interpleader, or otherwise advising the chancellor before whom the Heard suit was pending of the pendency of the suit by appellees which had been decided by another chancellor. We think under the particular circumstances of the case there was a duty on the part of appellant to at least advise the court of the prior filing of the suits by appellees and that its failure to do so constituted concealment of material facts which is the legal equivalent of a misrepresentation, at least constructively. 31 C. J. S., Estoppel, Sec. 108b.

It is also contended that appellees did not change their position and did not rely on anything done or not done by appellant. The last cited authority states in part: "In addition, it is essential that the party invoking estoppel should have been misled by the acts or conduct of the party against whom the estoppel is claimed, that he changed his position in reliance thereon, and was justified in so doing, and that he was prejudiced thereby . . . ." In reference to the same question, it is said in 31 C. J. S., Estoppel, Sec. 74, p. 279, in respect to the one claiming the estoppel, as follows: ". . . that is, he must have suffered a loss of a substantial character

or have been induced to alter his position for the worse in some material respect. As otherwise expressed, the person claiming the estoppel must be adversely affected by the acts or statements of the person sought to be estopped; harm must result to him from acts done in reliance on the conduct or representations, he must suffer loss, injury or damage; . . . ."

In this case it is apparent that appellees did not know of the proceedings in the Heard suit and therefore as far as consciously changing their position, they did not do so, but the element of estoppel is satisfied because their position was changed for them to their detriment and prejudice by the acts of appellant. The results of what appellant did and did not do, as already stated, was to prefer Heard over appellees as successful claimants on the Blue Sky Bond, notwithstanding the fact that appellees filed their suit first and had the first right to recovery. We think this was obvious and apparent to appellant when it pleaded in the Heard suit and that its failure to advise the court in some proper manner of the pendency of the appellees' suits is the basis of the claim of estoppel in this case. It is significant, if not decisive, that there is some doubt whether Heard was entitled to sue on the bond since he bought his stock and was a director of the Nu-Pine Corporation at the time appellant executed the bond, and the prospectus attached to appellees' original bill showed Heard was a director. Therefore we are unable to say under all the peculiar facts and circumstances of this case that the chancellor erroneously applied the doctrine of estoppel.

Affirmed.

*Lee, P.J.,* and *Gillespie, Rodgers,* and *Jones, JJ.,* concur.

## ON MOTION FOR ADDITIONAL ATTORNEYS' FEES

McElroy, J.

■■ ■ The appellees, Joe G. Rice and others, and Emile F. Hederi and others, filed this motion for additional attorneys' fees of 50% of the allowance made by the lower court. The court allowed $600 attorneys' fees in the case of Joe G. Rice v. U. S. F. & G. Company and $400 in the case of Neil F. Hederi, et al. v. U. S. F. & G. Company. This motion is made in accordance with Section 5368 and amendments, Miss. Code 1942, Recompiled, which allows reasonable attorneys' fees.

The Court is of the opinion that this motion should be allowed and the appellees are allowed additional attorneys' fees for defending this appeal of $300 and $200 respectively in the above-mentioned cases. Bankers' Mortgage Company v. McMullan, 165 Miss. 382, 141 So. 331; Irving v. Bankers' Mortgage Company, 169 Miss. 890, 151 So. 740.

Motion for additional attorneys' fees sustained.

*Lee, P.J.,* and *Gillespie, Rodgers* and *Jones, JJ.,* concur.