420 So.2d 1370 (1982)
Tilghman FRANKLIN d/b/a Colt Lumber Co.
v.
LOVITT EQUIPMENT CO., INC., a Mississippi Corporation.
No. 53559.
Supreme Court of Mississippi.
October 27, 1982.
*1371 William L. Ducker, Purvis, for appellant.
Pope & Pope, Moran M. Pope, III, Hattiesburg, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
The appellant, Tilghman Franklin, filed a bill of complaint in the Chancery Court of Lamar County to recover damages resulting from fraudulent misrepresentations made by a sales employee of Lovitt Equipment Company. Franklin based his claim on the fact that he purchased a John Deere front-end loader which was represented as a 1973 model when in fact it was a 1968 model. After considering the evidence presented, the chancellor below dismissed the cause of action and ruled that Franklin had failed to prove fraud in the inducement of the contract. From that dismissal, the appellant raises the following issues:
(1) That the lower court committed error in sustaining the appellee's objections to the parol evidence of witnesses present at the time of the transaction since their testimony allegedly proved fraud on the part of the appellee and its agent; and
(2) That the lower court committed error in failing to find fraud on the part of the defendant, and thereby concluding that the parties' purchase security agreement constituted the complete and exclusive statement of the terms agreed to by the parties.

I.
On April 24, 1979, Lovitt Equipment Company sold Tilghman Franklin a John Deere Model 544 front-end loader for use in Franklin's sawmill operation known as Colt Lumber Company. The parties finalized the transaction by executing a Purchase Security Agreement and a Uniform Commercial Code Financing Statement. These two documents were the only memoranda signed by the parties, and they reflected the type of machine (front-end loader), the manufacturer (John Deere), the model (544); the serial number and the signatures of Lovitt and Franklin. The Purchase Security Agreement also contained an "integration" clause stating that the document itself constituted the entire agreement of the parties.
At the trial of this case, the chancellor permitted Franklin and two witnesses on Franklin's behalf to testify about the events surrounding the purchase of the equipment, and about the alleged fraudulent statements made by the Lovitt employee. This evidence was objected to on the basis that consideration of such testimony would violate the parol evidence rule set forth in section 75-2-202 of the Mississippi Code Annotated (1972), but the chancellor reserved his ruling on that matter. Upon conclusion of the hearing, Lovitt's attorney called attention to the prior objections against the parole evidence, and requested that the chancellor rule on the question. The chancellor, at that time, asked for briefs on the legal issues involved in the lawsuit, including the question of parol evidence, but the record does not reflect any final ruling by the chancellor on that particular issue. Nor does the final decree dispose of the parol evidence question.
During the hearing, Franklin testified that Herman Rowley was the Lovitt sales representative who showed Franklin the front-end loader. When Franklin inquired about the make and year of the equipment, Rowley responded that it was a 1973 John Deere 544 front-end loader. Moreover, two of Franklin's friends were also present at this inspection, and they both testified that Rowley made the statement in question. Franklin then told Rowley that he would purchase the equipment if it worked properly during a trial period. Rowley agreed to that offer, and Franklin took the machine *1372 for a two-week trial period. Following a satisfactory performance, Franklin purchased the front-end loader.
On the basis of the above evidence, the chancellor below ruled that the complainant had failed to sustain his burden of proof in showing the requisite elements of fraud, and therefore, dismissed the cause of action.

IIA.
The first issue to be considered is whether parol evidence is admissible to show fraud in the inducement where the parties have entered into a written agreement which specifically states that it is the complete and exclusive statement of the terms agreed to. Section 75-2-202 of the Mississippi Code Annotated (1972) requires application of the parol evidence rule under most circumstances, and it provides as follows:
Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented
(a) by course of dealing or usage of trade (Section 1-205) [§ 75-1-205] or by course of performance (Section 2-208) [§ 75-2-208]; and
(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement. (Emphasis added).
Prior to enactment of the Uniform Commercial Code as a part of our statutory law, it was a well-established principle that where fraud was alleged with respect to the formation of a written contract, the parol evidence rule would not bar consideration of a contemporaneous oral agreement. Byrd v. Rees, 251 Miss. 876, 171 So.2d 864 (1965); Stirling v. Logue, 154 Miss. 812, 123 So. 825 (1929); English v. New Orleans & N.E.R.R. Co., 100 Miss. 809, 57 So. 223 (1912). Further, section 75-1-103 of the Mississippi Code Annotated (1972) explicitly provides that the common law principles of fraud and misrepresentation should supplement the commercial code provisions. On the basis of this background, our Court has continued to recognize the fraud exception to the parol evidence rule subsequent to the passage of section 75-2-202. See Noble v. Logan-Dees Chevrolet-Buick, Inc., 293 So.2d 14 (Miss. 1974) ("where parties, without any fraud or mistake, have deliberately put their contract in writing, the writing is not only the best, but the only, evidence of their agreement"). Thus, we conclude that the chancellor was required to consider the testimony offered by Franklin and his friends.

IIB.
Related to the first issue above is the appellant's claim that the chancellor failed to consider the parol evidence offered by Franklin to show fraud. However, the record clearly indicates that the testimony in question was permitted to be introduced into evidence, even though, the chancellor reserved his ruling on its admissibility. Although the chancellor never ruled on this issue, it must be assumed that he considered the parol evidence in rendering his final decision.
Judge Griffith, in his treatise on Mississippi Chancery Practice, discussed the assumptions to be made where evidence has been objected to, but a ruling on its admissibility has been reserved, as follows:
The objector must, before the testimony finally closes or at least before the argument, make a formal request for a ruling; so that, if during the taking of evidence an objection be made and the court reserve ruling on the objection and there be no ruling thereon thereafter made nor any request for such ruling, then because no such request is made the objection must be deemed as waived, although if such request had been made the objector *1373 would have been entitled to a ruling before the close of the evidence. In the absence of a request for a ruling excluding the evidence the offerer is entitled to have it considered and to rely on it, and the objector will have no right to further insist on the objection either in the argument or on appeal, for he has waived it. If upon the request the court admits the evidence, or still declines to rule, the assumption is then, in either event, that the evidence in question was considered and had some effect in influencing the decision and is therefore in a measure involved on appeal. (Emphasis added).
V. Griffith, Mississippi Chancery Practice § 583 (2d ed. 1950). Our Court has also applied this assumption in the case of Banks v. Banks, 118 Miss. 783, 79 So. 841 (1918), wherein the Court stated:
This court allows some latitude to a chancellor in admitting evidence, on the theory that he can discriminate between competent and incompetent evidence; but, where the chancellor admits incompetent evidence, it should be excluded before the judgment, and if he admits evidence, and does not exclude it, it would be fair to assume that the evidence had some effect in influencing his judgment. (118 Miss. at 788, 79 So. at 842).
Following these authorities, we choose to assume that the chancellor below considered the parol evidence in question, and therefore, the appellant's first contention is without merit.

III.
The appellant's other contention is that the chancellor erred in failing to find fraud on the part of the defendant. In order to establish fraud, the plaintiff must prove (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury. Hamilton v. McGill, 352 So.2d 825 (Miss. 1977); McMahon v. McMahon, 247 Miss. 822, 157 So.2d 494 (1963); Anderson Dunham, Inc. v. Aiken, 241 Miss. 756, 133 So.2d 527 (1961). Furthermore, under Mississippi law, these elements must be shown by clear and convincing evidence. Parker v. Howarth, 340 So.2d 434 (Miss. 1976); Crawford v. Smith Bros. Lumber Co., Inc., 274 So.2d 675 (Miss. 1973).
In the case sub judice, the record indicates that Lovitt's sales representative may have given an incorrect year model for the front-end loader in question. Nonetheless, it does not appear that Franklin relied on that incorrect statement. In fact, Franklin only chose to purchase the machine after satisfactory performance during a two-week trial period. Further, the machine was employed by the Colt Lumber Company without complaint. Under these circumstances, it cannot be said that the chancellor erred in determining that Franklin failed to establish the necessary element of reliance. This Court will not now substitute its judgment as to the weight and credibility of the evidence for that of the chancellor. We therefore find that there is no merit in this assignment of error.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.