431 So.2d 483 (1983)
Roy Lee DAVIDSON
v.
James Lewis ROGERS and Mary LeDonne Y. Rogers and Unifirst Federal Savings and Loan Association.
No. 54139.
Supreme Court of Mississippi.
May 11, 1983.
Stennett, Wilkinson & Ward, Derryl W. Peden, Jackson, for appellant.
Mayfield & Mayfield, Charles R. Mayfield, Jr., Jackson, for appellees.
Before PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ.
PATTERSON, Chief Justice, for the Court:
The events leading to this suit involve Roy Lee Davidson's purchase of the house and property located at 917 West Ridge Drive in Jackson. Davidson alleges the Rogers defrauded him by failing to reveal knowledge of foundation defects and by misrepresentation of the rear boundary line of the property. From a judgment of $5,799.62 Davidson appeals contending the *484 damages are grossly inadequate and the Rogers cross-appeal contending the evidence does not support the court's finding that they were guilty of deceit.
The record reveals appellant purchased this single family residence in April of 1975 from the appellees. The purchase price was $41,799.62 of which $21,000 was paid in cash and the balance paid through appellant's assumption of appellees' first mortgage at Unifirst Federal Savings and Loan Association.
During the latter part of 1974, William Wheeler, a real estate broker, noticed a "for sale by owner" sign in appellees' yard. Wheeler made an appointment with appellee to persuade him to list the property with Wheeler. Appellee refused but did agree that if Wheeler found a buyer who would pay the Veterans Administration's appraisal value of $46,000 he would pay Wheeler a commission.
Subsequently Wheeler came into contact with appellant who was interested in investing in some property. Upon viewing the property Wheeler and appellant testified appellee led them to believe the lot was 125' X 175' and extended beyond the fence in the backyard. It was later discovered the lot was actually only 130' X 135'. At trial appellant failed to introduce any evidence to establish a difference in the reasonable value of the property due to this misrepresentation and therefore the chancellor denied damages based upon this misrepresentation.
Although Wheeler and appellant were given ample opportunity to inspect the property, neither observed any problems with the foundation nor did they ask or were they told of any foundation defects. The evidence established the home had been recently painted and appeared to be in good condition at the time of sale.
In August of 1977, after discovering the property was only 130' X 135', appellant contacted Houston Evans, an appraiser. After surveying the lot Evans inspected the house and noticed severe cracks on the exterior of the home. In determining these were not just surface cracks but rather ranged from the top to the bottom of the house, Evans opined that they were caused by foundation movement. No cracks were noticed on the inside of the home during this inspection. Following Evans' discovery appellant's attorney wrote appellee informing him of appellant's desire to rescind the contract. This was not agreeable to the appellee.
In November 1981, Evans conducted a thorough inspection of the home finding much more evidence of foundation movement. By use of an oblique light he discovered there had been substantial skilled patchwork done to the interior of the house and testified the cracks discovered had been as much as a quarter of an inch wide when repaired. Evans also stated it would be impossible for this extent of damage to have occurred from the date of purchase to the time of inspection. Based upon his observations he was of the opinion the damage existed when appellant purchased the property from appellee.
Using a comparison and loss of value due to foundation defects on similar homes Evans testified there was a 44 percent mean loss in value. Applying this 44% to the $42,000 sales price he testified the property would have been worth $23,500 at the time of purchase.
Appellee acquired the property in 1966 as the first owner. He gave evidence there were no foundation problems when he sold the property and denied any patchwork repairs had been done to the home.
The chancellor concluded that at the time of purchase the "slab" had cracked and appellee either knew or should have known of this defect. He further found that repairs had been made to the residence by appellee which concealed the condition at the time of sale. Holding that appellee was under a duty to disclose this condition of the foundation the chancellor awarded $5,799.62 as damages.
We disagree with appellees' contention that appellant failed to prove fraud by clear and convincing evidence. The omission or concealment of material facts *485 can constitute a misrepresentation, just as can a positive, direct assertion. Guastella v. Wardell, 198 So.2d 227 (Miss. 1967); United States Fidelity & Guaranty Company v. Rice, 241 Miss. 307, 130 So.2d 924 (1961). In order to recover damages for fraudulent concealment, appellant must demonstrate appellee took some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the fraud claim.[1] In this case, the trial court found that appellee made repairs to the residence which concealed the foundation defect and did not disclose this material fact to appellant in the negotiations that led to the sales contract and assumption of the deed of trust. We are of the opinion the evidence convincingly supported the chancellor's ruling in this respect.
However, we think the trial court's award of $5,799.62 was incorrect. The only testimony regarding the decrease in value of the property due to the faulty foundation was that of Evans. He testified the property on the date of sale was worth $23,500 or $18,500 less than the $41,799.62 purchase price.
It is obvious the trial court did not rely on Evans' appraisal in awarding damages. Rather, he found the reasonable value of the property at the time of purchase was $36,000 or $10,000 less than the $46,000 value shown on the Veterans Administration certificate. Since appellant purchased the property for $41,799.62 the court was of the opinion $5,799.62 would adequately compensate him for the fraud by appellee.
We are aware that an expert's opinion is ordinarily merely advisory and not binding upon the court, Dickey v. Parham, 295 So.2d 284 (Miss. 1974), and this rule is followed when it has application. However, when testimony is presented which is not improbable or unreasonable the trial court should accept such evidence unless it is contradicted. Here, Evans' testimony concerning the decrease in the value of the property because of the foundation defect is neither improbable nor contradicted. On the other hand, the record is without any testimony to support the trial court's finding that the property was worth $36,000 at the time of sale. We are therefore of the opinion the damages awarded were grossly inadequate.
In determining the proper measure of damages we follow the ruling of Lloyd Ford Company v. Sharp, 192 So.2d 398, 400 (Miss. 1966), wherein it was stated:
In Hunt v. Sherrill, 195 Miss. 688, 15 So.2d 426 (1943), we discussed the various rules relative to the measure of damages in fraud and deceit cases and aligned ourselves with the majority rule known as the "benefit-of-the-bargain" rule. In all cases of misrepresentation as to the amount, quality, kind and character of the property purchased, this rule applies, and allows the party defrauded to recover the difference between the real and the represented value of the property.
Under the benefit-of-the-bargain rule the contract price, in the absence of other proof, will establish the represented value. Hunt v. Sherrill, 195 Miss. 688, 700, 15 So.2d 426, 429 (1943). Evans testified the "real" value of the property at the time of purchase was $23,500. The contract price or "represented value" was $41,799.62. Therefore, we hold the correct measure of damages is $18,299.62. This will compensate appellant for the loss he sustained at the date of purchase due to the foundation failure.
We therefore reverse and remand for a judgment for damages in accord with this opinion on direct appeal and affirm on cross-appeal.
REVERSED AND REMANDED ON DIRECT APPEAL AND AFFIRMED ON CROSS-APPEAL.
*486 BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
WALKER, P.J., not participating.
NOTES
[1] Restatement (Second) of Torts § 550 (1976). One party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information is subject to the same liability to the other, for pecuniary loss as though he had stated the nonexistence of the matter that the other was thus prevented from discovering.