533 So.2d 457 (1988)
Alton EZELL, et ux.
v.
D.R. ROBBINS and First Guaranty Finance, Inc.
No. 58015.
Supreme Court of Mississippi.
October 26, 1988.
*458 Rex K. Jones, Hattiesburg, for appellants.
William E. Andrews, III, Purvis, Jolly W. Matthews, Ingram, Matthews & Stroud, Hattiesburg, for appellees.
Before ROY NOBLE LEE, C.J., and SULLIVAN and ZUCCARO, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Alton Ezell and Diana Ezell, his wife, instituted suit in the Chancery Court of Lamar County against D.R. Robbins,[1] seeking rescission of a conveyance to them of property, which they had purchased as their residence. At the conclusion of the plaintiffs' evidence, the chancellor sustained the motion of seller Robbins to exclude the evidence and dismiss the case with prejudice for failure to prove the material allegations of the complaint and failure to prove grounds upon which the relief prayed for could be granted.
The Ezells have appealed to this Court and assign three (3) errors in the trial below. The assigned errors frame only one issue for consideration by this Court, i.e., whether the lower court committed error in its failure to rescind a contract of sale between the appellants and appellee and erred in failing to award appellant's actual damages to compensate them for the loss.

Facts
On New Year's weekend of 1984, the Ezells first looked at the house and land. They were shown the unoccupied house and surrounding land and other improvements by Robbins in the afternoon. Robbins told the Ezells that a fireplace and two window air conditioning units would heat and cool the entire house. He also told them there was no insulation in the house and that they would not need insulation. The Ezells liked the house and later the same day took their children to see it and still later the same day when Robbins stopped by to see them at the home of Mr. Ezell's mother, they agreed to buy the house.
Robbins was asking $100,000 for the property, but, after some negotiations, agreed to sell it to the Ezells for $94,000. They paid $46,000 down and Robbins financed the remaining $48,000 at 11% interest. The property consisted of 8-10 acres of land with improvements.
The Ezells contend that Robbins told them there were approximately ten (10) acres but they later learned a boundary line he had pointed out to them was incorrect and, as a result, the Ezell lot was *459 reduced by about 51,000 square feet. The land is adjacent to Little River. In addition to the four bedroom, 4 1/2 bath residence, there is a small two-bedroom structure (referred to as a "mother-in-law house") and a log crib with a lean-to barn. Mrs. Ezell testified that they had looked at several other houses, but that the house offered by Robbins was the only one large enough to accommodate her family, which included four children, and her two brothers, in addition to appellants.
The Ezells did not have the property surveyed nor did they obtain an appraisal. They moved into the house on Friday, January 13, 1984, and completed the paperwork for the transaction on Monday, January 16, 1984.
After moving in, the Ezells began experiencing problems with the house. Some showed up immediately but it was sometime between November, 1984, and February, 1985, that the problems became so serious they decided to take legal action. Their testimony indicated that they had experienced plumbing problems, electrical problems, an inadequate sewage disposal system, buckling, warping and cracking of structural timbers, broken and split countertops, loose and sagging kitchen cabinets, inadequate heating, falling interior ceilings, buckling, warped interior walls and doors, unstable chimney, holes in the concrete floor, absence of roof vents, sagging carport, improperly installed gas lines, absence of bathroom vents or heaters, "wavy" roof, and other problems. The Ezells said that the structure did not keep out the elements and that it was impossible to heat and cool the house.
The Ezells did not seek a voluntary rescission with Robbins. They commenced legal action on April 7, 1985 and in their amended complaint of April 14, 1986 they sought rescission of the contract of sale, cancellation of the land deed of trust, restitution in the amount of $100,706.99, costs and attorney's fees, and an additional amount for the pain, suffering and anxiety suffered by them and their family as a result of the improper construction of the house. The damages sought by the Ezells included the following items:

 (1) Price of the residence $ 94,000.00
 (2) Expenses necessarily incurred in the purchase 267.50
 (3) Interest paid by Ezells to Robbins 5,245.41
 (4) Expenses incurred in repairs of the house
 necessitated by improper construction 1,194.08
 ____________
 TOTAL $100,706.99

Evidence of the value of the property and the represented value at relevant times is in part conflicting. The Ezells contend that Robbins told them prior to sale that the house had been appraised for $150,000. Robbins, however, testified that the first real estate agent to whom he gave a listing placed the asking price at $155,800 and that he had so told Mr. Ezell. When he placed the house with the second realtor, Robbins asked $100,000. The price which the Ezells paid in 1984 was $94,000. When the Ezells sought a loan from First Guaranty Finance, Inc. in September of 1985, an appraisal of the property was ordered by the lender, and the appraiser, chosen by the lender, placed a value of $76,500 on the property. This appraisal amount was entered into evidence by stipulation since the original document could not be found. In the absence of the document, it is impossible to tell whether the appraiser considered all of the land and improvements or only the residence.
At trial, the Ezells testified and called Robbins as an adverse witness. They also offered the testimony of a local carpenter, Billy Joe Lee, who was not accepted by the court as an expert witness. Another witness's testimony was not allowed because the Ezells had not complied with the discovery rules. At the close of the Ezell's case, the defendant Robbins moved to dismiss the complaint on the ground that the Ezells had failed to sustain the burden of proof which was required to obtain the equitable relief of rescission. The motion was granted, and judgment of dismissal with prejudice was ordered on August 27, 1986.

Chancellor's Finding
Pertinent parts of the chancellor's finding follows:

*460 This case is based upon the amended complaint of Alton Ezell and Diana Ezell which seeks a recision of a conveyance, a deed, dated January 13, 1984 wherein the defendant, D.R. Robbins, conveyed to the plaintiff certain land situated in the Northeast Quarter of the Northwest Quarter of the Southwest Quarter of Section 3, Township 2 North, Range 16 West, Lamar County, Mississippi, lying north of the county gravel public road. The acreage is estimated or represented variably from approximately eight acres to approximately ten acres.
* * * * * *
While there is in the complaint a charge or an averment that the plaintiffs have sought a recision, the sworn testimony before the Court elicited on cross examination of the plaintiffs, as the Court recalls it, is that they did not at any time approach Robbins and request and demand a recision and offer to return the place in the preexisting status; that the only proof before the Court with respect to the effort to affect [sic] a recision is the institution of this suit by the filing of the complaint.
... It is the belief of the Court that assuming there is a breach of an implied warranty, or there are breaches of implied warranties in connection with the sale, those breaches do not give rise to an action for recision but give rise to an action for damages. There is authority in other jurisdictions for a recision, approximately there is, on the basis of breach of implied warranty, but there does not appear to be any authority in the state of Mississippi for recision based upon breach of implied warranty. Since there is not authority for it in Mississippi, this Court declines to undertake to establish authority for it because it is the opinion of this Court that the better and more logical procedure with respect to breach of warranty is an action for damages. It is true that the plaintiffs in this complaint prayed for an award of damages, but the damages they prayed for are all related to and contingent upon the relief of recision which they have sought.
The Court is of the opinion that the proof offered by the plaintiffs is insufficient to sustain the charges that they have made and the relief sought by them of recision and the award of attendant damages thereto. Based upon that opinion and that finding, the Court sustains the motion of the defendant which was made at the conclusion of the presentation of the plaintiffs' case in chief, excludes all of the evidence and dismisses the complaint of the plaintiffs.
I have to say  I don't have to say it but I'm going to say it  that is not to say that it's the belief of this Court that the plaintiffs made a good deal. The truth is, it's a matter of personal opinion, I think they made a bad deal. But I do not think they made a bad deal as a result of fraud worked upon them, and I do not believe that the manner in which it's presented to the Court permits this Court to afford them the relief that they asked.

Law
Mississippi Rules of Civil Procedure 41(b) provides:
After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, defendant without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The Court may then render judgment or may decline to render any judgment until the close of all the evidence.
In ruling upon a 41(b) motion, the lower court must decide whether or not the plaintiff has made out a case which would entitle him to judgment. A determination that the plaintiff has failed to offer persuasive proof of the necessary elements of his case or that the quality of the evidence offered is insufficient to sustain the plaintiff's burden of proof warrants dismissal of a cause. On appeal to this Court, the Court examines the record to determine whether or not the chancellor was manifestly wrong in his finding. Mitchell v. Rawls, 493 So.2d 361, 364 (Miss. 1986); *461 Davis v. Clement, 468 So.2d 58, 62 (Miss. 1985).
The Ezells concede that their contract will not be rescinded except on the grounds of fraud or mistake, but they contend this Court should find fraud existed because of Robbins's misrepresentations and because of his failure to disclose material defects in the construction of the building of which he, as builder, had knowledge. In Franklin v. Lovitt Equipment Co., Inc., 420 So.2d 1370 (Miss. 1982), the Court set out the requisites in order to establish fraud as follows:
In order to establish fraud, the plaintiff must prove (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.
420 So.2d at 1373.
In Davidson v. Rogers, 431 So.2d 483 (Miss. 1983), the Court said:
In order to recover damages for fraudulent concealment, appellant must demonstrate appellee took some action, affirmative in nature, which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the fraud claim.
431 So.2d at 485.
The Ezells sought rescission of the contract which required proof of fraud by clear and convincing evidence. They may have been able to prevail under an implied warranty theory for damages. However, they did not seek damages only, nor did they plead in the alternative for damages under the warranty theory. We cannot say that the chancellor was manifestly in error in his finding of fact and his application of the law. Therefore, the judgment of the lower court must be affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] First Guaranty Finance, Inc., was also joined as a party, but upon stipulation that it would not be affected by the outcome of the suit, First Guaranty was dismissed.