¶ 1. The underlying case involved a contractual dispute between Smith's G G, LLC (Smith's), the collective group of purchasers *Page 230 
of a small country store, and the seller, Garris. Finding that Garris fraudulently misrepresented the amount of the business' monthly revenue, the jury awarded Smith's $85,000 in damages, and also awarded Garris on his counterclaim an amount representative of the past due installment payments on the promissory note held by him. Following trial, Smith's presented a motion for judgment notwithstanding the verdict, seeking to vacate the portion of the jury verdict awarding damages to Garris. The trial court granted Smith's motion, finding the contract void due to fraud through a faulty application of contract law. This Court is asked to determine whether the trial court erred in setting aside the jury verdict on Garris' counterclaim and upholding the jury verdict on Smith's damages. Finding error in the trial judge's grant of Smith's motion for judgment notwithstanding the verdict and application of law, this Court reverses the judgment of the lower court and remands the damage computation issue of this case for a new trial.
 STATEMENT OF THE CASE ¶ 2. In the summer of 2003, Garris and Smith's negotiated the sale and purchase of a business named "Donna's Country Kitchen," located on Highway 4 East in Senatobia, Mississippi. During the negotiations, Garris furnished Smith's with a written representation that the store had an average of $46,868.40 in monthly sales. The business, consisting of commercial real estate and a country store, was purchased on September 15, 2003, for a total price of $415,000, including a cash down payment of $85,000. Smith's gave a first mortgage on the real property to Norman Smith and borrowed $100,000 from an investor, George Smith, executing a second mortgage on the property for said debt. Smith's additional financing was in the form of a promissory note executed to Garris in the amount of $185,790.51 secured by a financing statement on the inventory and equipment. Less than six months after the closing date, Smith's filed a complaint against Garris alleging several claims, including the claim that Garris had fraudulently misrepresented the income generated from the business in an amount of $30,000 per month. Upon the filing of the complaint, Smith's discontinued making payments under the promissory note held by Garris. Garris then filed a counterclaim against Smith's for the past due payments.
 ¶ 3. The case went to trial in the Circuit Court of Tate County on January 24, 2005. After three days of trial, the jury was given instructions. Significant to our review of this appeal is that the record is devoid of calculations or testimony concerning the actual losses incurred by Smith's due to Garris' misrepresentation. During the deliberations, the jury sent a note to the judge asking whether they could find for both the plaintiff and the defendant. The record reflects that the trial judge answered their query affirmatively. The jury then found for both Smith's on the fraudulent misrepresentation claim in the amount of $85,000, and for Garris on his counterclaim in the amount of $53,080 for past due payments. Smith's award represented the total of her cash down payment for the property. Garris' claimed amount represented the monthly amount due on the note for thirteen months, along with interest. A hearing was later held on the issue of punitive damages and the issue was submitted to the same jury. The jury did not award punitive damages.
 ¶ 4. Within the time prescribed by Mississippi Rule of Civil Procedure 50(b), Smith's filed a motion for judgment notwithstanding the verdict (JNOV) and for declaratory judgment. On April 21, 2005, *Page 231 
the trial court issued an order granting Smith's motion for JNOV and setting aside the judgment for Garris. In granting the motion for JNOV, the court reasoned that the contract entered into by Smith's was procured by Garris' fraudulent misrepresentation of the monthly income generated by the business. Garris then filed a motion for reconsideration or, in the alternative, clarification of order, which included a request for a new trial. Garris' motio *Page 735