KING, C.J.,
for the Court.
¶ 1. On April 19, 2005, Leonard Potts was convicted by a jury in Leflore County, Mississippi of the crimes of failure to register as a sex offender, fondling, and kidnapping. Potts now appeals the Leflore County Circuit Court denial of his motions for directed verdicts. He asserts the following points of error on appeal:
I.THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S MOTION FOR A DIRECTED VERDICT IN COUNT I OF THE INDICTMENT, AS THE STATE FAILED TO PROVE PERMANENT OR TEMPORARY RESIDENCE OF THE DEFENDANT, ONE OF THE ESSENTIAL ELEMENTS OF MISS. CODE SECTION 45-33-25.
II. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S MOTION FOR A DIRECTED VERDICT IN COUNT II OF THE INDICTMENT, AS THE STATE FAILED TO PROVE THE ESSENTIAL ELEMENTS UNDER MISS. CODE SECTION 97-5-23(1) BY CREDIBLE AND UNCONTRADICTED EVIDENCE.
III. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S MOTION FOR A DIRECTED VERDICT IN COUNT III OF THE INDICTMENT, AS THE STATE FAILED TO PROVE FORCIBLE SEIZURE OF THE VICTIM, ONE OF THE ESSENTIAL ELEMENTS OF MISS. CODE SECTION 97-3-53.
FACTS
¶ 2. On May 11, 2004 in Greenwood, Mississippi, Leonard Potts asked to borrow his neighbor, K.D.’s[1] car to run some personal errands. Potts instead drove KD.’s car to pick up ten year old A.J. from A.J.’s aunt’s house. When Potts arrived at the home, A.J. was playing outside. Potts persuaded him to get into the car on the pretense that K.D., a close family friend to A. J., wanted to speak with the child. This was not a true statement, since K.D. never requested to speak with A.J.
¶ 3. According to A.J.’s testimony, Potts fondled him during the ride from his aunt’s house to KD.’s house. Potts told A.J. to pull down his pants as Potts began to rub *915 on his behind. Before they arrived at KJD.’s house, Potts created a story to tell K.D. that would justify the child’s presence with him. Although it was not unusual for A.J. to visit K.D., this was the first time the child had been alone with Potts.
¶ 4. Potts instructed A.J. to tell K.D. that they came to KD.’s house because A.J. was experiencing problems with his step-father. Potts asked K.D. to speak with A.J. about the step-father “problems” as well. K.D. agreed to speak with A.J. but, during their conversation, KD. noticed A.J. was not acting normally. He was non-responsive, he rejected KD.’s offers of food, and he was “fidgety.” K.D. ended the conversation and asked A.J. to call his aunt and inform her of his location. After A.J. spoke with his aunt, K.D. talked with her to inform her A. J. was on the way home. At this point, K.D. asked Potts to take the child back home.
¶ 5. The pair did not go straight back to the aunt’s house. There were approximately seven hours unaccounted for between the time Potts left KD.’s house and when A.J. was seen again. A.J. testified that during this time, Potts drove through neighboring communities as far away as Glendale and Winona, Mississippi. He further testified that Potts told him he could make a lot of money and Potts would buy him clothes and “stuff.” Potts tried to give A.J. money to have sex with him. At some point during the evening, Potts even made A.J. view Potts masturbating with the aid of baby oil while the two were in the car.
¶ 6. A.J. testified that Potts stopped for gas several times and, on one occasion, he avoided the gas station because a police patrol car was present. A.J. cried most of the time he was in the car with Potts but felt he could not leave because Potts was an adult. Near midnight, Potts let A.J. out of the car at a truck stop near A.J.’s house. According to Jerome McCaskill, investigator with Greenwood Police Department, A.J.’s mother reported him missing hours earlier in the day. It was during this time that the police discovered Potts was an unregistered sex offender.
¶ 7. A.J.’s mother notified police when A.J. returned home and Greenwood police arrested Potts after they intercepted him between the truck stop and his residence in Leflore County, Mississippi.
STANDARD OF REVIEW
¶ 8. This Court reviews denials of motions for judgment notwithstanding the verdict and directed verdicts under the same standard. Grihim v. State, 760 So.2d 865, 866(¶ 6) (Miss.Ct.App.2000). We consider the legal sufficiency of all the evidence in the light most favorable to the verdict. Gleeton v. State, 716 So.2d 1083, 1087(¶ 14) (Miss.1998). Credible evidence, consistent with the defendant’s guilt, is accepted as true. Pratt v. State, 870 So.2d 1241, 1246(¶13) (Miss.Ct.App.2004). The State is given “the benefit of all favorable inferences that may be reasonably drawn from the evidence.” Smith v. State, 897 So.2d 1002, 1006-07(¶ 20) (Miss.Ct.App.2004) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). We reverse when, considering the elements of the charged offense, reasonable and fair jurors could only find the defendant not guilty. Williams v. State, 863 So.2d 63, 67(¶ 14) (Miss.Ct.App.2003).
ANALYSIS
I. The trial court erred in overruling the defendant’s motion for a directed verdict in Count I of the indictment as the State failed to prove permanent or temporary residence of the defendant, one of the essential elements of Miss Code Section 45-33-25.
¶ 9. Potts was found guilty of failure to register as a sex offender under Count I of *916 the indictment. He challenges the sufficiency of the State’s evidence, asserting he was he was not a Mississippi resident at the time the crime occurred. Mississippi law requires sex offenders, who maintain a permanent or temporary residence in the state, to register with the Mississippi Department of Safety. Miss.Code. Ann. § 45 — 33—25(c) (Rev.2006). Sex offenders establish a “permanent residence” in the place where they abide, lodge, or reside for fourteen or more consecutive days. Miss.Code Ann. § 45-33-25 (Rev.2006). Sex offenders establish “temporary residence” where they reside, lodge, or abide for a total of fourteen days or more during any calendar year and the place is not their permanent address. Miss.Code Ann. § 45-33-23(h) (Rev.2006). If the offender’s permanent residence is not in Mississippi, temporary residence is established where the person “routinely abides, lodges or resides for a period of four or more consecutive or nonconsecutive days in any month and which is not the person’s permanent residence.” Id.
¶ 10. Potts does not deny that he is a sex offender. On March 24, 1995, Potts was convicted in Cook County, Illinois of indecent solicitation and abuse of a child under the age of thirteen. Potts, however, argues he was not required to register as a sex offender with the State of Mississippi because he was still a resident of Chicago, Illinois at the time of the crime. At trial, the State offered the testimonies of K.D. and Chief Investigator Ken Spencer of the Leflore County Sheriffs Department, as evidence that Potts was a Mississippi resident on May 11, 2004.
¶ 11. K.D. testified that, as of the time of trial, he and Potts had lived near one another for about six to nine months. K.D. was aware Potts previously lived in Chicago, but he testified that Potts was a resident of Leflore County, Mississippi on May 11, 2004. K.D. and Potts had numerous conversations and they would have barbecues and fish fries together. K.D., who is confined to a wheel chair, said Potts often helped him by running errands in his car and taking him places. Although K.D. could not give an accounting of Potts’s whereabouts everyday, he did testify that he saw Potts on a regular basis. K.D. specifically recalled seeing Potts on the two days leading up to the May 11th incident.
¶ 12. Investigator Spencer testified that the police department discovered Potts was a convicted sex offender in Illinois, and they notified the Leflore County Sheriffs Department that Potts had failed to register as a sex offender in Mississippi.
¶ 13. During cross-examination at trial, Investigator Spencer testified that Potts gave the police 8336 South Crandon Avenue, Chicago, Illinois, as his address when he was arrested. Spencer was unable to testify, as to his personal knowledge, how long Potts had been in the state.
¶ 14. It is the jury’s duty to weigh the evidence presented at trial and determine the facts. In re Extension & Enlarging of Boundaries of the City of Laurel, 922 So.2d 791, 795-96(¶7) (Miss.2006). This Court reviews the legal sufficiency of the evidence in the light most favorable to the State, the non-moving party in this appeal. Garris v. Smith’s G & G, LLC, 941 So.2d 228, 231(¶ 6) (Miss.Ct.App.2006). We are prevented from overturning the jury verdict unless “it is clear that the verdict is a result of prejudice, bias or fraud, or is manifestly against the weight of the credible evidence.” Id.(citing Sessums v. Northtown Limousines, 664 So.2d 164, 168-69 (Miss.1995)). We find that the verdict was supported by legally sufficient evidence and thus, the trial court did not err in denying Potts’s *917 motion for a directed verdict as to Count I of the indictment.
II. The trial court erred in overruling the defendant’s motion for a directed verdict in Count II of the indictment as the State failed to prove the essential elements under Miss. Code Section 97-5-23(1) by credible and uncontradicted evidence.
¶ 15. Potts was found guilty of fondling under Count II of the indictment. Potts challenges the sufficiency of the State’s evidence, asserting the State failed to prove by credible and uncontradicted evidence that he fondled the victim. The elements of the crime are:
Any person above the age of eighteen (18) years, [2] who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, [3] shall handle, touch or rub with hands or any part of his or her body or any member thereof, [4] any child under the age if sixteen (16) years, with or without the child’s consent shall be guilty of a felony.
Miss.Code Ann. § 97-5-23(l)(Rev.2006).
¶ 16. A.J. testified that Potts told him to pull down his pants while Potts rubbed his behind. He also testified that Potts used baby oil to masturbate. K.D. stated he saw baby oil and tissue in his ear the next morning when his car was returned to him from police custody. According to K.D., neither of the two items were present the previous day when K.D. loaned Potts the car. On direct examination, Detective McCaskill of the Greenwood Police Department offered corroborating testimony by saying he noticed a roll of toilet paper and a bottle or container that appeared to be baby oil in KD.’s car as well. After further investigation, McCaskill was informed that the items did not belong to K.D.
¶ 17. Potts argues that A.J.’s testimony is unbelievable because the child failed to inform K.D., his aunt, or anyone at the gas stations where they stopped for gas about the fondling during the seven hours Potts had A.J. Potts also argues that if A.J.’s testimony were credible, he would not have gotten back into the car after leaving KD.’s house. As a further challenge to the credibility of AJ.’s testimony, Potts notes that no baby oil was found on A.J.’s body when he was examined at the hospital after the incident. This argument is speculative, at best, since there was no evidence offered during trial regarding the hospital results.
¶ 18. This Court leaves the responsibility of resolving factual disputes in the hands of the jury. Brown v. State, 934 So.2d 1039, 1044(¶18) (Miss.Ct.App.2006). The jury was faced with weighing the credibility of the witnesses’ testimonies and evidence presented. We are not at liberty to direct that Potts be discharged from his sentence, absent a finding that the evidence before this Court is so contrary to the overwhelming weight of the evidence, affirming the verdict would constituted “unconscionable justice.” See id. We find the verdict was supported by legally sufficient evidence, and thus the trial court did not err in denying Potts’s motion for a directed verdict as to Count II of the indictment.
III. The trial court erred in overruling the defendant’s motion for a directed verdict in Count III of the indictment as the State failed to prove forcible seizure of the victim, one of the essential elements of Miss.Code Section 97-3-53.
¶ 19. Potts was found guilty of kidnapping under Count III of the indictment. He challenges the sufficiency of the State’s evidence, asserting the State failed *918 to prove “force.” The indictment reads as follows:
That Leonard Potts, on or about the 11th day of May, 2004, in Leflore County, did unlawfully, willfully, feloniously, and forcibly seize and confíne [A.J.], a human being, by removing from a place where he/she had a right to be to another place with the intent to cause to be secretly confined or imprisoned against his/her will against the peace and dignity of the State of Mississippi.
¶ 20. Under Mississippi law, the elements of kidnapping are,
Any person who:
(1) without lawful authority;
(2) and with or without intent to secretly confine;
(3) shall forcibly seize and confine any other person;
(4) or shall inveigle or kidnap any child under the age of sixteen (16) years;
(5) against the will of the parents or guardian or person having the lawful custody of the child.
Miss.Code. Ann. § 97-3-53 (Rev.2006).
¶21. In the interest of due process, the State is required to prove each element in the indictment beyond a reasonable doubt. Hennington v. State, 702 So.2d 403, 408(¶ 16) (Miss.1997). Potts argues that since the “inveigle” language was not included in the indictment, the State was prohibited from convicting Potts of kidnapping by trickery.[2] It is true that Potts initially kidnapped A.J. through deceit or inveiglement when Potts falsely informed A.J. that K.D. sent Potts to pick him up. However, after A.J. was lured into the vehicle, Potts actions sufficiently met the definition of forcible seizure and confinement.
¶ 22. In United States v. Hefferon, 314 F.3d 211, 225 (5th Cir.2002), the court found the amount of “force” required to overtake another person’s will to resist is “directly proportional to the development of the other’s will.” Id. at 226. The court rejected the defendant’s rigid definition of physical force because it did not take into account the victimization of very young and very vulnerable people, “whose wills are either undeveloped or can be overcome with less than a full blown assault.” Id. The court concluded that the definition of force is flexible and subject to multiple interpretations and should be applied to the particular facts in question on a case by case basis. Id. (citing United States v. Hawkins, 87 F.3d 722 (5th Cir.1996)). In Standi v. State, 78 Md.App. 376, 553 A.2d 268, 272 (1989), the court similarly held force requirements are lowered in the area of child kidnapping and each taking requires a case by case analysis. These cases support the finding that, given the particular facts of this case, Potts satisfied the definition of forcible seizure and confinement.
¶ 23. To recount the pertinent facts in this case, Potts first picked up A.J. and drove around for a period of time, during which he fondled the child. Having gratified his lust, he then took A.J. to KD.’s house. Although K.D. never asked Potts to bring A.J. to his home, he did attempt *919 to speak with the child. K.D. noticed AJ.’s unusual demeanor, such as refusing offers of food and being fidgety and non-responsive. After being unable to converse with A.J., K.D. requested Potts take A.J. back to his aunt’s house.
¶24. After leaving KD.’s house, Potts drove the victim around in a car for approximately seven hours, stopping at several gas stations and in communities, such as Glendale and Winona, Mississippi. Testimonies revealed that this drive began in the evening and continued well into the nighttime hours. A.J. indicated that he viewed Potts as an authority figure and felt he could not leave because he was required to obey him. Additionally A.J. indicated that while he wanted to leave, he did not know his way back home from the locations Potts took him. Potts argues that A.J. was not forcibly confined because he could have remained at K.D.’s house or one of the gas stations where they stopped to get gas.
¶ 25. A plain reading of Potts’ indictment and the Mississippi statute reveals that the offense of kidnapping was complete when Potts “forcibly confined or seized” A.J. and “removed him from a place where he had a right to be” (on his way straight home from K.D.’s house to his aunt’s house) “to another place” (communities as far away as Glendale and Wi-nona, Mississippi) “with the intent to secretly confine or imprison him against his will” (A.J. testified he wanted to leave he but felt he could not leave).
¶ 26. Potts does not have any support for his assertion that if there is a means of escape, the victim is not forcibly confined. We decline to read into the statute a duty to escape from kidnapping before we find the kidnapping is complete. In Russell v. State, 834 So.2d 714, 717-18 (¶¶ 15-18) (Miss.Ct.App.2002), we rejected the defendant’s argument that the victim was not kidnapped because she failed to take advantage of many opportunities to escape the defendant’s confinement. Id. Sufficient evidence existed to support a jury finding that the victim was adequately fearful of defendant such that she would not escape, even when she was temporarily out of his presence. Id. at 718.
¶27. AJ.’s age, the locations of his confinement, and the time of night the crime occurred are all factors that were squarely before the jury during deliberation. It is the jury’s duty to determine the weight and credibility of the evidence. Williams v. State, 923 So.2d 990, 995(¶ 19) (Miss.2006). Considering the evidence in this case, in the light most favorable to the verdict, we can not reverse in favor of the defendant absent a finding that no reasonable, hypothetical juror could find that Potts was guilty beyond a reasonable doubt. Flora v. State, 925 So.2d 797, 822(¶ 81) (Miss.2006): We find the trial court did not err in denying Potts’s motion for a directed verdict as to Count III of the indictment.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF COUNT I OF FAILURE TO REGISTER AS A SEX OFFENDER AND SENTENCE OF FIVE YEARS; COUNT II OF FONDLING AND SENTENCE OF FIFTEEN YEARS TO RUN CONSECUTIVELY WITH SENTENCE IN COUNT I; AND COUNT III OF KIDNAPPING AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVELY TO SENTENCES IN COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LE-FLORE COUNTY.
*920 LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.

. In order to protect the victim’s identity, this Court will use initials to identify the victim and all related witnesses.

. Potts was sufficiently put on notice that he would be charged under the kidnapping statute, thus availing himself to prosecution under forcible seizure or inveigling. Without addressing the sufficiency of the indictment, we find that forcible seizure was present in the case. See Stevens v. State, 808 So.2d 908, 919(¶ 31) (Miss.2002). In Stevens, the court rejected the defendant's argument that he could not be charged with aggravated assault because the indictment failed to enumerate the crime’s elements. The indictment tracked the language of the statute and the court determined the defendant was sufficiently placed on notice of the crime under which he was charged. Id. at 919-20.