754 So.2d 576 (2000)
Terry O'Neil JOHNSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00259-COA.
Court of Appeals of Mississippi.
January 18, 2000.
*577 William R. Labarre, Hollandale, Attorney for Appellant.
Office of the Attorney General by Deirdre McCrory, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., DIAZ, AND PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Terry O'Neil Johnson was convicted by Washington County jury of simple assault of a law enforcement officer. On appeal Johnson alleges that two jurors who had connections to law enforcement should have been excused for cause, that the State never proved an injury to the officer, and that the verdict was against the overwhelming weight of the evidence. We find no merit to these assignments and affirm.

FACTS
¶ 2. In Greenville on August 31, 1996, the brother of Terry O'Neil Johnson and a neighbor were involved in a heated argument. As the argument progressed, other neighbors gathered. Eventually the Greenville Police Department was called and Officer Allen Vowell responded. Vowell arrived there alone and saw the defendant Johnson, while standing away from the crowd, throw what appeared to be a bottle into the crowd. Johnson then began walking towards his brother. Vowell told him to stop, but Johnson ignored the command. Then the officer grabbed Johnson's shirttail. Johnson spun around and grabbed Vowell by the front of his shirt, then pushed him into a parked car.
¶ 3. Vowell identified himself as a police office. Exactly when Vowell told Johnson that he was under arrest is in some dispute, but there was evidence that he did so at this moment. He demanded that Johnson release him. Johnson refused to release the officer who was struggling to free himself. Vowell then sprayed mace into Johnson's face. Johnson threw Vowell to the ground. During the altercation, Vowell radioed for assistance.
¶ 4. The officer tried to disable Johnson by kicking him in the knee, but this failed. Eventually, Vowell ended up lying on his back on the side of the street with Johnson sitting astride and hitting him continuously in the head and chest. Officer Tim Monistere arrived, grabbed Johnson and placed him in a neck restraint. This allowed Vowell to get out from under Johnson. While Vowell was attempting to place handcuffs on him, Johnson stood up with Monistere on his back and punched Vowell in the face with his fist. Vowell was visibly staggered by the blow. Once additional officers arrived, Johnson was finally subdued and successfully arrested.
¶ 5. At trial Dr. Robert Argo testified that he examined Vowell at the hospital. The officer had "several scrapes on him, on his forehead, his nose, his neck, his right forearm, and he had a broken nose." He stated that X-rays did not actually show the break. He referred Vowell to an ear, nose and throat specialist. Vowell testified that he was required to have surgery to repair his broken nose.
¶ 6. Johnson was indicted for "wilfully, unlawfully, purposely, knowingly and feloniously cause or attempt to cause bodily injury to Officer Allen Vowell...." Miss. Code Ann. § 97-3-7 (Supp.1999). Of that offense he was convicted. We now review his arguments for reversal.

DISCUSSION

I. Rejected challenges for cause
¶ 7. The trial court refused to grant two of Johnson's challenges for cause. The *578 two jurors are said to have been biased because of their connections with law enforcement. The court excused a third venire member because two of her sons were law enforcement officers. The challenges that were rejected were to an FBI agent and to a federal probation officer. Each was questioned by the court, and they said that they would be impartial.
¶ 8. Johnson alleges prejudice from the fact that he had to use two of his peremptory challenges to remove the law enforcement officers from the jury. However, if the jury is impartial, the undesired use of a peremptory challenge does not indicate prejudice. Johnson makes no argument that any biased juror served because Johnson had to use two of his limited number of peremptory challenges on these law enforcement officers. In fact, the principal threshold problem with Johnson's argument is that even after using two challenges on these veniremen, when the jury was selected he still had a peremptory challenge unused. Reversal for an improper denial of a challenge for cause will not occur unless there is proof, first, that the defendant used all of his peremptory challenges and, second, that an incompetent juror was forced by the court's erroneous ruling to sit on the jury. Chisolm v. State, 529 So.2d 635, 639 (Miss. 1988). Johnson neither exhausted his peremptory challenges, nor does he claim that a juror was incompetent.

II. Adequacy of proof of elements of the crime
¶ 9. Johnson alleges that the State failed to prove beyond a reasonable doubt that the victim of the crime suffered an injury. Johnson bases his argument on the fact that Dr. Argo testified that Officer Vowell's nose "looked broken" but the x-rays did not show a break.
¶ 10. A more comprehensive summary of the testimony is that Dr. Argo mentioned the numerous scrapes on officer Vowell's forehead, nose, neck and right forearm. He testified that Vowell's nose looked broken based upon his experience as an emergency room physician. Officers Monistere, Damman and Brooks all testified that Vowell had a bloody nose and was disoriented because of Johnson's blow. Finally, Vowell himself testified as to his injuries, including that he required surgery to repair his broken nose. Whether Vowell's nose was broken is not the fulcrum on which guilt or innocence turns. There is ample evidence that it was broken. There was substantial, indeed unrebutted evidence of various other injuries. Murrell v. State, 655 So.2d 881 (Miss.1995).
¶ 11. The State points out that Johnson also was indicted for "attempting" to cause bodily injury. Therefore, even had no evidence been introduced that an injury actually occurred, guilt could be proven by adequate evidence of an attempt to injure Vowell.

III. Weight of the evidence
¶ 12. Johnson argues that Officer Vowell was making an unlawful arrest and that Johnson therefore was justified in resisting. Specifically, he states that no basis existed for the officer to grab his shirt. To the contrary, Vowell testified that there was every basis even though he was not yet considering arresting Johnson. Vowell testified that he wanted to prevent Johnson from causing the altercation to worsen. He also testified that he saw Johnson throw a bottle into the crowd.
¶ 13. The supreme court has held that a person may resist his own unlawful arrest. Watkins v. State, 350 So.2d 1384 (Miss. 1977); see Bovan v. State, 706 So.2d 254, 256 (Miss.Ct.App.1997). Johnson was granted an instruction on resisting a lawful arrest. The evidence as already recited indicates a rapidly escalating event that started with lawful actions by the police officer. The instruction allowed the jury to respond with a verdict of not guilty if jurors believed that officer Vowell overreacted to events in such a way as to permit Johnson to begin resisting. That *579 the jury did not do so is not against the great weight of the evidence.
¶ 14. In addition, even had there been greater evidence of an unlawful arrest, it is fundamental that a person may only use reasonable force:
Not every kind of resistance to an unlawful arrest by an officer qualifies as self-defense justifying an assault and battery against the officer. If an attempted arrest is unlawful, the party sought to be arrested may use reasonable force as is necessary to effect his escape, but no more; he cannot do this by using or offering to use a deadly weapon, if he has no reason to apprehend a greater injury than a mere unlawful arrest.
Boyd v. State, 406 So.2d 824, 826 (Miss. 1981) (emphasis added). The right to resist is "limited to those situations where the arrest is in fact illegal and the arrestor and arrestee have reason to know that it is or where the arrest is accompanied by excessive force." Murrell, 655 So.2d at 888.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED AND TO RUN CONSECUTIVE TO THE SENTENCE IN CAUSE NUMBER 24,913, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE WASHINGTON COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.