THOMAS, J.,
for the Court:
¶ 1. Cecil Richardson was convicted for the possession of crack cocaine. Aggrieved, Richardson asserts the following issues:
I. THE LOWER COURT ERRED IN DEPRIVING RICHARDSON OF HIS RIGHT TO A SPEEDY *1278 TRIAL, DUE PROCESS, AND A RIGHT TO A FAIR TRIAL BY THE TRIAL JUDGE’S DENIAL OF A MOTION TO DISMISS.
II. THE LOWER COURT ERRED IN FAILING TO GRANT RICHARDSON’S MOTION TO DISMISS THE CHARGES OR, IN THE ALTERNATIVE, TO GRANT A DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE IN CHIEF.
III. THE LOWER COURT ERRED IN DENYING RICHARDSON’S MOTION FOR DIRECTED VERDICT AT CLOSE OF RICHARDSON’S CASE.
IV. THE LOWER COURT ERRED IN ITS VERDICT AS THERE WAS NOT SUFFICIENT EVIDENCE AS A MATTER OF LAW.
V. THE LOWER COURT ERRED IN FAILING TO PERMIT RICHARDSON’S JURY INSTRUCTION ON HIS THEORY OF DEFENSE.
Finding no error, we affirm.
FACTS
¶ 2. Richardson was indicted on April 12, 2000, by the Lee County Grand Jury and was arraigned on June 5, 2000, wherein he entered a plea of not guilty. A trial was conducted on November 6, 2000. Testimony was received from three agents for the State of Mississippi. This testimony established the following facts. On December 20, 1998, Cecil Richardson was pulled over for driving a car with improper equipment. Richardson stated that he did not have a driver’s license. Richardson was arrested and in the search incident to his arrest a ten dollar bill was found in the pocket of the jacket he was wearing. Inside this bill a rock of what appeared to be cocaine was found. The substance field tested positive as cocaine and Richardson was charged with possession of a controlled substance. The substance was later tested at the Mississippi Crime Lab and determined to be cocaine.
¶ 3. Richardson opted not to testify after being voir dired by the court on the issue. Richardson offered one witness, his brother, Paul Richardson to testify on his behalf. Paul testified that Richardson was at a club at the time of the arrest. However, on cross-examination, Paul admitted that he was not sure when Richardson arrived or left the club, and that he had seen him there and talked to him briefly.
¶ 4. Richardson was convicted of possession of cocaine and sentenced to a six year term in the custody of the Mississippi Department of Corrections with the last two years suspended. Richardson was also ordered to pay a fine, as well as restitution and court costs.
ANALYSIS
I. DID THE LOWER COURT ERR IN DEPRIVING RICHARDSON OF HIS RIGHT TO A SPEEDY TRIAL, DUE PROCESS, AND A RIGHT TO A FAIR TRIAL BY THE TRIAL JUDGE’S DENIAL OF A MOTION TO DISMISS?
¶ 5. Richardson asserts that he was denied prompt access to the court and that the delay caused the impossibility of locating and finding witnesses that would have benefitted his defense. Richardson argues that this delay denied him of his constitutional rights.
¶ 6. Richardson cites no authority to support the above assertion of error. Further, the assertion was explained by a mere two sentences in his brief. Our supreme court has made it clear that assertions of error which are not supported by citation or authority are abandoned. Thi *1279 bodeaux v. State, 652 So.2d 153, 155 (Miss.1995). Further, in such a case where the burden of providing authority to support the assignment of error is not met, the issue is procedurally barred. Drennan v. State, 695 So.2d 581, 585-86 (Miss.1997). It is also clear from the briefs and the record that this assignment of error is without merit.
II. DID THE LOWER COURT ERR IN FAILING TO GRANT RICHARDSON’S MOTION TO DISMISS THE CHARGES OR IN THE ALTERNATIVE TO GRANT A DIRECTED VERDICT AT THE CLOSE OF THE STATE’S CASE IN CHIEF?
III. DID THE LOWER COURT ERR IN DENYING RICHARDSON’S MOTION FOR DIRECTED VERDICT AT CLOSE OF RICHARDSON’S CASE?
IV. WAS THERE SUFFICIENT EVIDENCE TO CONVICT AS A MATTER OF LAW?
¶ 7. These assignments of error will be discussed together, due to the fact that they are essentially the same assignment of error. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict (JNOV) all challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id. at 778. This occurred when the lower court denied the motion for JNOV. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Haymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). The evidence here was more than sufficient to support the verdict.
V.DID THE LOWER COURT ERR IN FAILING TO PERMIT RICHARDSON’S JURY INSTRUCTION ON HIS THEORY OF DEFENSE?
¶ 8. Richardson asserts that the lower court should have allowed a jury instruction that attempted to explain the “burden of proof’ theory of defense. However the record reflects that a separate jury instruction successfully explained the burden of proof that the State was to meet. Common sense tells us that there is no need to have two almost identical jury instructions. This Court has dealt with this issue before, and we observe that it is well-established that we do not view instructions in isolation. Higgins v. State, 725 So.2d 220 (¶ 16) (Miss.1998). Rather, we are charged to view the instructions given to the jury in their entirety and to decide, based on that review, whether the jury was properly charged as to the law on the various aspects of the case. Williams v. State, 667 So.2d 15, 24 (Miss.1996). Merely because a refused instruction was a correct statement of the law does not make its refusal reversible error. Holden v. State, 399 So.2d 1343, 1345-46 (Miss.1981). Such instructions, for example, may be refused if they are merely duplica-tive. Gossett v. State, 660 So.2d 1285, 1295 (Miss.1995). In fact, it has been held that the very act of repeatedly instructing the jury as to one particular aspect of the case may, in itself, prove detrimental to a fair trial since it increases the likelihood that the jury will put undue focus on that portion of the law. See McWilliams v. State, 338 So.2d 804, 806 (Miss.1976).
¶ 9. Therefore, the jury instruction requested by Richardson would have been a *1280 duplicate of an existing jury instruction, and unnecessary.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY OF CONVICTION OF POSSESSION OF MORE THAN .1 GRAM OF COCAINE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED, TWO YEARS POST RELEASE SUPERVISION, FINE OF $2,500 AND RESTITUTION OF $807.25 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ„ BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.