852 So.2d 607 (2003)
L.G. BROWN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01601-COA.
Court of Appeals of Mississippi.
January 7, 2003.
Rehearing Denied April 15, 2003.
Certiorari Denied August 28, 2003.
*608 David Ford, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., BRIDGES and MYERS, JJ.
MYERS, J., for the court.
¶ 1. On the evening of October 13, 2000, Officers Tommy Smithey and Sammy Pickens of the New Albany Union County Drug Task Force were on patrol in New Albany, Mississippi. While investigating a possible drug deal, they arrested L.G. Brown. Both officers were injured while restraining Brown.
¶ 2. Brown was charged with one count of simple assault on a law enforcement officer and one count of resisting arrest. Following his trial, a jury returned a guilty verdict on both counts. Brown now appeals, asserting the following issues:

*609 I. THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO ESTABLISH THE CRIME OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING BROWN'S MOTION IN LIMINE AND IN ALLOWING INTRODUCTION OF EVIDENCE OF ACTUAL PHYSICAL INJURY AS SUCH EVIDENCE AMOUNTED TO A MATERIAL VARIANCE IN THE INDICTMENT AND WENT BEYOND THE SCOPE OF THE INDICTMENT.
III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN REFUSING TO GRANT BROWN'S JURY INSTRUCTIONS D-7 AND D-10 AND IN AMENDING BROWN'S JURY INSTRUCTION D-9.

Statement of the Facts
¶ 3. While patrolling a known drug trafficking area, Smithey and Pickens saw a pickup truck which had an open container of beer on its dashboard. Additionally, a group of people was standing around the truck. Smithey and Pickens decided to investigate since possession of alcohol is illegal in Union County and the scene resembled a possible drug deal.
¶ 4. Brown was the sole occupant of the truck. Besides the beer on the dash, another open container of beer was on the floorboard and one was also on the seat next to Brown. Pickens placed Brown under arrest. Brown attempted to flee the scene. Both Smithey and Pickens scuffled with Brown, trying to restrain him. Both officers received scrapes and bruises from the skirmish, and Brown kicked Pickens in the jaw, dislocating it. Brown escaped from the scene that night, but the police later apprehended him.

Legal Analysis

I. Sufficiency and weight of the evidence

¶ 5. Brown argues that the State failed to present sufficient evidence to support the jury finding that he resisted arrest or assaulted a law enforcement officer. In McClain v. State, 625 So.2d 774, 778 (Miss. 1993), the Supreme Court said:
[T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the appellant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.
As to whether the verdict was against the overwhelming weight of the evidence,
[we] must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Dudley v. State, 719 So.2d 180, 182 (¶ 8) (Miss.1998) (citations omitted).
¶ 6. The State presented evidence that Officers Pickens and Smithey stopped for what looked like a possible drug deal. They found open containers of beer in a vehicle owned by Brown. They placed Brown under arrest, but Brown resisted arrest and fled. During the struggle to subdue Brown, Brown kicked Smithey, dislocating *610 Smithey's jaw. Although no direct evidence was presented that Brown intended to injure Smithey,[1] a juror could reasonably infer the intent from the evidence. A reasonable juror could certainly infer guilt from the evidence presented. We therefore cannot reverse the verdict because of insufficient evidence. See Richardson v. State, 807 So.2d 1277, 1279(¶ 7) (Miss.Ct.App.2001) (citations omitted) ("If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.").
¶ 7. Neither can this Court say the verdict was against the weight of the evidence. The State's evidence supported the verdict. Both the State and Brown presented evidence mainly as testimony. "In a criminal prosecution, the jury may accept the testimony of some witnesses and reject that of others, and may accept in part and reject in part the testimony of any witnesses, or may believe part of the evidence on behalf of the [S]tate and part of that for the accused, and the credibility of such witnesses is not for the reviewing court, but only for the jury." Conley v. State, 790 So.2d 773, 807 (¶ 138) (Miss. 2001) (quoting Bond v. State, 249 Miss. 352, 357, 162 So.2d 510, 511 (1964)).

II. Material Variance in the Indictment

¶ 8. Count I of Brown's indictment charged him with attempting to assault a law enforcement officer, violating Miss. Code Ann. § 97-3-7(1) (Rev.2000). Brown argues that evidence was presented that he committed physical violence against Smithey, which amounted to a material variance in the indictment. This Court fails to see the logic of this argument.
¶ 9. The indictment cites Miss. Code Ann. § 97-3-7(1) within count I. This section is also cited at the top of the indictment along with the bold words, "SIMPLE ASSAULT ON LAW ENFORCEMENT OFFICER." Further, Miss.Code Ann. § 97-3-7(1), includes "attempt" in the definition of assault. Thus, an attempted assault falls within the meaning of assault. Whether the indictment read "assault" or "attempted assault" makes no differenceit is the same crime.
¶ 10. The supreme court has stated the purpose of an indictment. Brown's indictment served that purpose:
The major purpose of an indictment is to furnish the accused such a description of the charges against him as will enable him to adequately prepare his defense. Thus, all that is required in this regard is a concise and clear statement of the elements of the crime charged. Nothing more is required.
Williams v. State, 445 So.2d 798, 804 (Miss.1984) (citations omitted). Brown's indictment meets the Williams criteria. It cited the statute which Brown had violated, and mentioned that the section which Brown was accused of violating was the assault of a law enforcement officer, not the attempted assault. Count I also contained the elements of the crime of simple assault on a law enforcement officer. The indictment provided Brown with adequate notice of the charge against him and the elements of that crime. The claim that allowing evidence of injury was a material variation of the indictment is without merit.

III. Jury Instructions

¶ 11. Brown next argues the trial court committed reversible error by refusing to grant Brown's jury instructions D-7 and *611 D-10 and in amending Brown's jury instruction D-9.
¶ 12. Instruction D-7 instructed the jury to find Brown not guilty if it thought he was acting in self-defense. "A defendant is entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Humphrey v. State, 759 So.2d 368, 380(¶ 33) (Miss.2000) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). The trial court not only found that D-7 misstated the law on self-defense, but there was also no evidentiary basis for the instruction. After reading the transcript, we agree.
¶ 13. Instruction D-10 instructed the jurors that a person has a right to resist an illegal arrest. Further, it stated that the State must prove beyond a reasonable doubt the officers had an objectively reasonable basis in fact to believe Brown was committing a misdemeanor in their presence before they could legally arrest Brown. The trial judge refused the instruction because he believed the evidence did not support a theory of illegal arrest. We agree with the trial court.
¶ 14. It is true under Mississippi law a person may use reasonable force to resist an illegal arrest. Johnson v. State, 754 So.2d 576, 578-79 (¶¶ 13-14) (Miss.Ct. App.2000); Murrell v. State, 655 So.2d 881, 888 (Miss. 1995). However, it appears that the arrest in the case at hand was entirely legal. Section 99-3-7(1) of the Mississippi Code Annotated (Rev.2000), states, "An officer or private person may arrest any person without warrant for an indictable offense committed ... in his presence...." Officers Pickens and Smithey were investigating what they believed in good faith to be a possible drug deal. They spotted several open containers of beer in the truck in which Brown was sitting. This gave them probable cause for the arrest. Cf. Northington v. State, 749 So.2d 1099, 1102(¶ 8) (Miss.Ct.App.1999) (police had probable cause to arrest driver of vehicle when beer was spotted in plain view of vehicle while police investigated domestic disturbance). Since no evidence was presented which would support any other version of the facts, the trial judge was correct in denying jury instruction D-10.
¶ 15. We now turn to the question of the trial judge amending instruction D-9. This instruction was changed by the trial court only by striking the word "attempted" when the instruction would have referred to "attempted simple assault" and "attempting to cause injury." As previously stated, the crime of simple assault includes the attempt to commit the crime. See Miss Code Ann. § 97-3-7(1) (Rev. 2000). Therefore, there was no error in amending instruction D-9.

Conclusion
¶ 16. Finding no merit in the issues Brown raises on appeal, we affirm the decision of the trial court.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF COUNT 1MISDEMEANOR RESISTING ARREST AND SENTENCE OF SIX MONTHS IN THE CUSTODY OF THE UNION COUNTY SHERIFF AND FINE OF $500, AND COUNT II FELONY SIMPLE ASSAULT OF A LAW ENFORCEMENT OFFICER AND SENTENCE AS A HABITUAL OFFENDER OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $5,000 IS AFFIRMED. SENTENCES TO RUN *612 CONSECUTIVELY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] Miss.Code Ann. § 97-3-7(1) (Rev.2000) defines simple assault as "attempt[ing] to cause or purposely, knowingly or recklessly caus[ing] bodily injury to another...."