897 So.2d 994 (2004)
Larry LEWIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-01532-COA.
Court of Appeals of Mississippi.
September 21, 2004.
Rehearing Denied December 14, 2004.
Certiorari Denied March 31, 2005.
*995 D. Reid Wamble, Holly Springs, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before BRIDGES and LEE, P.JJ., CHANDLER and GRIFFIS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On June 17, 2003, a jury in the Panola County Circuit Court found Larry Donnell Lewis guilty of aggravated assault on Count I and guilty of simple assault on Count II. Lewis was then sentenced to serve fifteen years for aggravated assault and six months for simple assault, both to be served in the custody of the Mississippi Department of Corrections. Lewis now appeals to this Court asserting that the trial court erred in granting jury instruction C-9, which effectively amended the indictment to charge him with attempted aggravated assault when he was indicted for aggravated assault and he argues that the sentence of fifteen years is excessive and constitutes cruel and unusual punishment.

FACTS
¶ 2. On June 18, 2002, Lewis arrived at Jada Miller's apartment in order to deliver his child support check. Lewis and Miller have two children together. Lewis entered Miller's apartment in order to retrieve a pen to fill out the check. At that point, Miller stated that Lewis attempted to force her to have sex with him. Miller refused, and they argued. Although Lewis claims Miller hit him first, Lewis admitted to striking her in the eye and then in the lip. Miller then fell to the floor and hit her head on the coffee table, after which Lewis began to kick her. Later, Miller received five stitches to treat the cut above her eye.

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN GRANTING JURY INSTRUCTION C-9?
¶ 3. In his first issue, Lewis claims that the trial court erred in granting jury instruction C-9, thus effectively amending the indictment from aggravated assault to attempted aggravated assault. Lewis contends that he was prejudiced as a result of the giving of this particular instruction.
¶ 4. In reviewing the record, we note that Lewis made no contemporaneous objection to the granting of this particular *996 instruction. The failure to make a contemporaneous objection waives the issue for purposes of appeal. Smith v. State, 729 So.2d 1191(¶ 87) (Miss.1998). "A trial judge will not be found in error on a matter not presented to him for decision." Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). However, a defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). As Lewis contends it was plain error for the trial court to grant jury instruction C-9, we will discuss the merits of this issue.
¶ 5. The indictment reads, in pertinent part, as follows:
That, LARRY LEWIS, ... did wilfully, unlawfully, and feloniously strike Jada Miller. LARRY LEWIS purposely caused serious bodily injury to Jada Miller. LARRY LEWIS acted under circumstances manifesting extreme indifference to the value of human life, in direct violation of Section 97-3-7(2)(a), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.
¶ 6. The jury instruction at issue reads, in pertinent part, as follows:
In Count I, the Defendant, LARRY LEWIS, is charged with the crime of Aggravated Assault.
If the jury finds from the evidence in this case, beyond a reasonable doubt, that:
1.) On or about June 18, 2002, LARRY LEWIS did purposely, knowingly or recklessly attempt to cause serious bodily injury to Jada Miller under circumstances manifesting extreme indifference to the value of human life;
2.) by striking Jada Miller; then the jury shall find LARRY LEWIS guilty as charged in Count I.
¶ 7. Under Mississippi Code Annotated Section 97-3-7(2)(a) (Supp.2003), "[a] person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]"
¶ 8. Lewis argues that the "trial court committed reversible error when it prosecuted and convicted him of attempted aggravated assault." However, it is quite clear that Lewis was neither charged with attempted aggravated assault nor found guilty of the same.
¶ 9. In Brown v. State, 852 So.2d 607(¶ 9) (Miss.Ct.App.2003), this Court found that, in a simple assault case, "[w]hether the indictment read `assault' or `attempted assault' makes no difference-it is the same crime." This Court stated that, pursuant to Mississippi Code Annotated Section 97-3-7(1) attempted assault falls within the meaning of assault. Id. Furthermore, "[t]he major purpose of an indictment is to furnish the accused such a description of the charges against him as will enable him to adequately prepare his defense. Thus, all that is required in this regard is a concise and clear statement of the elements of the crime charged." Williams v. State, 445 So.2d 798, 804 (Miss.1984) (citations omitted).
¶ 10. The indictment mentions the statute number of the crime Lewis was to be prosecuted for and tracks the language of the statute. We cannot find that the trial court committed plain error in granting jury instruction C-9.

II. WAS THE SENTENCE LEWIS RECEIVED EXCESSIVE, CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT?
¶ 11. In his other issue, Lewis claims that the sentence of fifteen years *997 was too severe for the crime. Lewis argues that fifteen years was disproportionate to the crime as he was only hitting Miller and she received "relatively insignificant injuries." The supreme court has held that sentencing is within the discretion of the trial court and is not subject to appellate review if it is within the limits prescribed by statute. Hoops v. State, 681 So.2d 521, 537 (Miss.1996). The supreme court in Stromas v. State, 618 So.2d 116 (Miss.1993), addressed the situation where a sentence was within the prescribed statutory limits. In Stromas, the supreme court stated:
Though no sentence is "per se" constitutional, this Court, in the context of our habitual statutes, as well as in sentencing other offenders, has recognized the broad authority of the legislature and trial court in this area and had repeatedly held that where a sentence is within the prescribed statutory limits, it will generally be upheld and not regarded as cruel and unusual.
Id. at 123-24.
¶ 12. The maximum sentence for aggravated assault is twenty years. Miss.Code Ann. § 97-3-7(2) (Supp.2003). As Lewis received fifteen years, we cannot find that his sentence was excessive or disproportionate to the crime. This issue is without merit.
¶ 13. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN YEARS; COUNT II SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS TO RUN CONCURRENTLY TO COUNT I, BOTH TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FIVE YEARS' POST-RELEASE SUPERVISION AND PAY $100 TO THE CRIME VICTIMS' COMPENSATION FUND IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.