934 So.2d 1039 (2006)
Sammie Lee BROWN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00376-COA.
Court of Appeals of Mississippi.
July 25, 2006.
*1041 Craig Andrew Conway, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before MYERS, P.J., IRVING and CHANDLER, JJ.
MYERS, P.J., for the Court.
¶ 1. On October 4, 2004, Sammie Lee Brown was found guilty of aggravated assault in the Circuit Court of Lauderdale County. On February 10, 2005, the court sentenced Brown to serve fourteen years in the custody of the Mississippi Department of Corrections and to pay a fine of $2,500. On February 15, 2005, the court denied Brown's motion for a new trial. Aggrieved by the trial court's ruling, Brown appeals raising the following three issues:
I. WHETHER OR NOT THE TRIAL COURT ERRED IN REFUSING TO GRANT BROWN'S JURY INSTRUCTION FOR THE LESSER-INCLUDED OFFENSE OF SIMPLE ASSAULT.
II. WHETHER OR NOT THE COURT ERRED IN GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT THE DAY OF THE TRIAL AND OVERRULING BROWN'S MOTION TO DISMISS THE INDICTMENT AS IMPROPER.
III. WHETHER OR NOT THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT ON BEHALF OF BROWN AND IN NOT GRANTING DEFENDANT'S MOTION FOR JNOV AS THE GUILTY VERDICT WAS NOT SUPPORTED BY THE EVIDENCE.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On July 18, 2003, around 9:30 p.m. Retha Clark was walking from the Chevron gas station in downtown Meridian to an apartment complex where her boyfriend lived. As she was approaching the apartment, Clark noticed a man standing on the porch of a building. Clark later learned this man was Sammie Lee Brown. As Clark approached the building, Brown began calling out to her. Brown offered Clark $50 for her to sleep with him. Clark told Brown to leave her alone, and she continued walking. Brown grabbed Clark by the hand, and she swung her arm at him attempting to free herself. Clark attempted to run from Brown, but tripped and fell. While Clark was on the ground, Brown began kicking her in the stomach. As Clark attempted to get off the ground to run away, Brown hit her in the jaw three times. Clark felt and/or heard a crack with the first punch. Brown left and Clark ran home.
¶ 4. After Clark returned home, her mother drove her back to the Chevron station and called the police. Officer Jerome Moore arrived at the Chevron, and he and Clark proceeded back to the location of the incident where Clark identified Brown as her attacker.
¶ 5. Clark was taken to the hospital where surgery was performed on her jaw. Clark remained in the hospital for four days with her jaw wired shut.
¶ 6. The trial began on October 4, 2004, in the Circuit Court of Lauderdale County. *1042 Clark and Officer Moore both testified for the State. The defense put on no witnesses, and later that same day the jury found Brown guilty of aggravated assault.

I. WHETHER OR NOT THE TRIAL COURT ERRED IN REFUSING TO GRANT BROWN'S JURY INSTRUCTION FOR THE LESSER-INCLUDED OFFENSE OF SIMPLE ASSAULT.
¶ 7. The trial court refused Brown's request for a simple assault instruction to be given to the jury. The trial court stated that there was no way that Clark's injuries were non-serious. Brown points out that even Clark's testimony stated that she fell on her face in an attempt to run away; therefore, she could have broken her jaw by the fall.
¶ 8. This Court reviews jury instructions by reading the instructions as a whole in determining whether the trial court erred in granting or refusing to grant certain instructions. Collins v. State, 691 So.2d 918, 922 (Miss.1997). If the instructions create no injustice, and they fairly announce the law of the case, then no reversible error will be found. Id. at 922.
¶ 9. An instruction for a lesser-included offense may only be given by the trial court when there is an evidentiary basis for that instruction, and such instruction cannot be given based upon speculation. Reddix v. State, 731 So.2d 591, 594(¶ 15) (Miss.1999); see Lee v. State, 469 So.2d 1225 (Miss.1985); Taylor v. State, 763 So.2d 913 (Miss.Ct.App.2000). The facts presented need to support the lesser included offense.
¶ 10. Brown was indicted by the grand jury of the State of Mississippi for aggravated assault/simple assault, in violation of Mississippi Code Annotated section 97-3-7, and his indictment stated, "Sammie Lee Brown ... did recklessly, knowingly or purposely cause serious bodily injury to Retha Clark, by hitting her, and, if not this greater crime, then the lesser crime of Simple Assault, ...." Mississippi Code Annotated section 97-3-7(1) states that "[a] person is guilty of simple assault if he attempts to cause or purposely, knowingly, or recklessly causes bodily injury to another. . . ." Part (2) of this same section states that "[a] person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life...." Therefore, the difference between aggravated and simple assault is that simple assault is causing bodily injury and aggravated assault is causing serious bodily injury or showing an extreme indifference to the value of human life. Odom v. State, 767 So.2d 242, 246(¶ 13) (Miss.Ct. App.2000).
¶ 11. In the present case, the only two witnesses who testified were the victim and the officer who was dispatched to the scene of the incident. Clark testified that Brown hit her, knocking her to the ground and that he kicked her in the stomach while she was on the ground. Clark testified that, as a result of Brown's assault, she sustained a broken jaw which required surgery. Clark also had to stay in the hospital for four days and have her mouth wired shut.
¶ 12. A lesser-included offense instruction should be granted if a reasonable jury could find the defendant not guilty of the principal offense charged in the indictment but could find him guilty of the lesser. Presley v. State, 321 So.2d 309, 310 (Miss.1975). There must be an evidentiary basis for a lesser included offense instruction other than mere speculation. *1043 Reddix v. State, 731 So.2d 591, 594(¶ 15) (Miss.1999). The record contains no evidence which supports simple assault. No evidence was presented that showed Clark's injuries to be less than serious. The following test has been established to determine whether or not there is an evidentiary basis for a lesser included offense: Lesser-included offense instructions should be granted unless the court can say considering all reasonable inferences and taking the evidence in the light most favorable for the accused, that no reasonable jury could find the defendant guilty of a lesser included offense. Graham v. State, 582 So.2d 1014, 1017 (Miss.1991). By following this test the severity and the extensive treatment necessary to repair the injuries, these injuries were serious, and a lessor-included offense instruction is not required. Therefore, this issue is without merit.

II. WHETHER OR NOT THE COURT ERRED IN GRANTING THE STATE'S MOTION TO AMEND THE INDICTMENT THE DAY OF THE TRIAL AND OVERRULING BROWN'S MOTION TO DISMISS THE INDICTMENT AS IMPROPER.
¶ 13. Brown argues that it was error to allow the indictment to be amended without the grand jury. Brown was indicted for violating Mississippi Code Annotated § 97-3-7. (Rev.2000) The indictment read in pertinent part, "Sammie Lee Brown ... did recklessly, knowingly, or purposely cause serious bodily injury to Retha Clark....." On the day of the trial the indictment was amended removing the word "recklessly." The State asserts that the removal of this word did not change the substance of the charge; therefore, it was not error to remove it.
¶ 14. According to the Uniform Rules of Circuit and County Court 7.09, indictments may be amended as to form but not substance. An indictment may be amended at trial if the amendment does not prejudice the defendant and is immaterial to the merits of the case. Griffin v. State, 584 So.2d 1274, 1276 (Miss.1991). Removing the word "recklessly" did not change the merits of the case. Brown was still charged with aggravated assault. Mississippi Code Annotated section97-3-7 describes aggravated assault as "serious bodily injury to another, or causes such injury purposely, knowingly or recklessly...." The word "or" represents that you must not have purposely, knowingly and recklessly, only one of the three is necessary.
¶ 15. If the evidence and the defendant remain unhindered after the indictment amendment then the amendment is considered one of form not substance. Givens v. State, 730 So.2d 81, 87(¶ 20) (Miss.Ct.App. 1998). Brown has given us no evidence to prove that the evidence or his defense was changed by this amendment. Therefore, we find no prejudice as a result of this amendment.
¶ 16. Brown also asserts that the indictment was overly broad and defective, because it did not specify the subsection by a "1" or "2" or "a" or "b" as to which section he was indicted for. Whether or not an indictment is fatally flawed to require reversal is a question of law; therefore, this Court has a broad standard of review. Peterson v. State, 671 So.2d 647, 652 (Miss.1996). This Court conducts a de novo review on questions of law. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990). The main purpose of the indictment is to notify a defendant of the charges against him so that he may prepare an adequate defense. Evans v. State, 916 So.2d 550, 551(¶ 5) (Miss.Ct.App.2005); *1044 see Lewis v. State, 897 So.2d 994, 996(¶ 9) (Miss.Ct.App.2004). The only requirement of the indictment is to provide "a concise and clear statement of the elements of the crimes charged." Id., quoting Williams v. State, 445 So.2d 798, 804 (Miss.1984). Brown's indictment did include in the heading "aggravated assault" and the word "serious". Furthermore, the indictment actually stated the elements of the crime not only the code number. This issue is meritless.

III. WHETHER OR NOT THE TRIAL COURT ERRED IN NOT DIRECTING A VERDICT ON BEHALF OF BROWN AND IN NOT GRANTING DEFENDANT'S MOTION FOR JNOV AS THE GUILTY VERDICT WAS NOT SUPPORTED BY THE EVIDENCE.
¶ 17. Brown argues that the State failed to prove serious bodily injury which is an element of aggravated assault. He goes further to state that Clark's testimony was conflicting and contradicting. The State asserts that Brown broke Clark's jaw which required surgery, a four-day hospital stay and her jaw to be wired shut. Therefore, the State proved serious bodily injury.
¶ 18. The standard of review for deciding whether or not a jury verdict is against the overwhelming weight of the evidence is that this Court must, accept the evidence which supports the verdict as the truth and will reverse only if convinced that the trial court abused its discretion in not granting a new trial. Price v. State, 898 So.2d 641, 652(¶ 26) (Miss.2005). A new trial will not be ordered unless we are convinced that the verdict is so contrary to the overwhelming weight of the evidence, that, to allow the verdict to stand, would be to sanction an unconscionable injustice. Pearson v. State, 428 So.2d 1361, 1364 (Miss.1983). This high standard is necessary because any factual disputes are properly resolved by the jury not by an appeals court. McNeal v. State, 617 So.2d 999, 1009 (Miss.1993).
¶ 19. Clark testified to her injuries and the act itself, and Brown presented no evidence to contradict this. This Court will not overturn the jury's findings unless the facts are so in favor of the defendant that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty. Glass v. State, 278 So.2d 384, 386 (Miss.1973). "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280(¶ 14) (Miss.Ct.App.2001). We, therefore, find this issue to be without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FOURTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $2,500 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.