KING, C.J.,
for the Court.
¶ 1. Johnny Boykin was ponvicted by a Lowndes County Circuit Court jury of two counts of child fondling. Boykin now appeals, raising only the issues of legal sufficiency and weight of the evidence. Finding no error, we affirm.
FACTS
¶ 2. On August 30, 2002, C.B. and H.B.[1], Boykin’s fourteen and thirteen-year-old daughters, spent the night at their father’s home as they did every weekend since their parents’ divorce. The girls slept on couches in the living room. The next morning Boykin took his wife, T.J., to work at a nearby convenience store at approximately 5:00 a.m. The girls were still asleep when Boykin and T.J. left. T.J. testified that Boykin stayed at the convenience store reading the newspaper and drinking coffee until approximately 8:00 a.m.
¶ 3. C.B. testified that she woke up that morning to her father pulling down her underwear. She screamed, which awoke her sister, and pleaded with her father that, “dad’s don’t do that.” Both girls testified that Boykin was wearing only his underwear and that his penis was exposed through his underwear. Boykin then ordered the girls to go to his bedroom, where he demanded that they watch him masturbate. The girls, who were sitting on a mattress on the floor, stared out of the bedroom window as Boykin began to masturbate. He then ordered H.B. to lie down. She complied, and Boykin pulled down her underwear and began rubbing his penis on the inside of her thigh. Next, he told C.B. to lie down. She refused, but finally complied after Boykin twice repeated the command and threatened her with a whipping if she did not comply. Boykin then pulled down her underwear and repeated the process. He ejaculated on her buttocks, wiped himself with a towel, and told the girls to go take a shower.
¶ 4. Boykin and the girls went to pick up T.J. from work at about noon. After arriving at T.J.’s place of employment, C.B. went to the bathroom. Boykin followed her in the bathroom and exposed his penis and told C.B. not to tell anyone what had transpired. According to T.J., after leaving the convenient store, the four drove to Starkville to spend the afternoon. T.J. testified that the girls acted like their usual selves the entire day. That evening, all four returned to Boykin’s home and watched television together.
¶ 5. The next morning after the girls’ mother picked them up, C.B. and H.B. told her whaf their father had done. The mother contacted the Lowndes County Sheriffs Department, and Deputy Robert Williams set up an interview with the girls. C.B. and H.B. gave Williams statements detailing the event.
ANALYSIS
I. Quasi-Lindsey Brief
¶ 6. Criminal defendants have a constitutional right to effective' assistance of counsel on a direct appeal. Hughes v. Booker, 220 F.3d 346, 348 (5th Cir.2000). However, this right does not extend to the right to counsel to bring frivolous appeals. Lindsey v. State, (¶ 9), 939 So.2d 743 (Miss.2005) (quoting Smith v. Robbins, 528 U.S. 259, 278, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)). In Lindsey, the supreme *894 court established a procedure for appellate attorneys who believe that their client does not have an arguable issue to present on appeal. Lindsey provides,
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4),(7)
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
(8) Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Id. at (¶ 18). (emphasis added and internal citations omitted).
¶ 7. In the case sub judice, appellate counsel begins his argument by stating, “Counsel for the Defendant has diligently reviewed the record of the trial and is unable, in good conscious and as an officer of the Court, to allege any other issue for this appeal other than the jury verdict is against the overwhelming weight of the evidence.” Counsel then gives a brief summary of the weight of the evidence argument. However, counsel then states the following:
Counsel for the Defendant is of the opinion that the Appellant is unlikely to prevail on appeal. Counsel for the Defendant has scoured the record thoroughly and is unable to locate anything in the record that might arguably support the appeal other than Counsel’s proffered issue of the sufficiency of the evidence. Counsel for the Defendant has forwarded a copy of this brief with advice to the Appellant that he has the right to file a pro se supplemental brief. Counsel for Defendant requests that this Court allow 30 days additional time for the Defendant to file said supplemental brief should he so desire. Turner v. State, 818 So.2d 1186, 1189 (Miss.2001)
Counsel for the Defendant is aware of the requirements for appellate defense counsel for indigent defendants under the provisions of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and of the Mississippi cases applying Anders to appellate defense responsibilities to the defendant. Killingsworth v. State, 490 So.2d 849, 851 (Miss.1986); Turner at [1189]; Lindsey v. State, 2005-KA-00331-SCT[, 939 So.2d 743] (Miss.2005).[2]
Counsel then proceeds with a weight and sufficiency argument.
¶ 8. It appears that appellate counsel was attempting to file a Lindsey brief. However, the procedure outlined in Lind *895 sey is to be followed when counsel is of the opinion that the defendant has no arguable issues supporting an appeal. Id. Counsel’s reliance on Turner and Lindsey is misplaced because, although counsel states that Boykin is unlikely to prevail on appeal, he does present a legal issue on which to base the appeal and then proceeds with an argument on the merits. Accordingly, we decline to treat counsel’s appellate brief as a Lindsey brief, and proceed with an analysis of Boykin’s legal issue presented on appeal.[3]
II. Weight and Sufficiency of the Evidence
¶ 9. This Court must view the evidence in the light most favorable to the State when reviewing a claim of legal sufficiency. Chambliss v. State, 919 So.2d 30, 34 (¶ 12) (Miss.2005). The challenge to legal sufficiency must fail if any rational juror could have found that the State proved every element of the crime charged beyond a reasonable doubt. Id. This Court will only overturn a verdict based on a challenge to the weight of the evidence if the verdict is so contrary to the overwhelming weight of the evidence that allowing it to stand would sanction an unconscionable injustice. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005).
¶ 10. Boykin was charged with child fondling in violation Mississippi Code Annotated Section 97-5-23(2) (Rev.2000). The elements of the crime are,
Any person above the age of eighteen (18) years, [2] who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, [3] shall handle, touch or rub with hands or any part of his or her body or any member thereof, [4] any child younger than himself or herself and under the age of eighteen (18) years who is not such person’s spouse, with or without the child’s consent, [5] when the person occupies a position of trust or authority over the child.
Miss.Code Ann. § 97-5-23(2). The statute goes on to list a.parent as a person occupying a position of trust over a child, for purposes of the statute. The State presented the following evidence at trial relating to each element. The record does not reflect Boykin’s exact age at the time of the incident, but C.B. testified that he was above the age of eighteen years at the time of the incident. C.B. was fourteen years and H.B. was thirteen years at the time of the incident. Both daughters testified that their father rubbed his penis on their thighs. C.B. also testified that Boykin eventually ejaculated on her. The State, therefore, presented evidence relating to each element of the crime, and we find that a rational juror could have found that Boykin committed child fondling beyond a reasonable doubt.
¶ 11. Boykin’s weight of the evidence argument is primarily based on alleged discrepancies between the statements C.B. and H.B. gave to Deputy Williams and the testimony the girls gave at trial. Only C.B.’s statement was introduced into evidence at trial. In that statement, C.B. says that the fondling began in the living room. However, both girls testified at trial that Boykin had only pulled down C.B.’s underwear in the living room, then directed the girls to go to his bedroom where he began fondling them. Boykin also points out that C.B. said in her statement that Boykin had wiped himself with a blanket, but at trial both girls testified that he wiped himself with a towel.
II12. Witnesses for the defense were Boykin and T.J. T.J. could not testify as to whether or not Boykin committed the *896 crime since she was at work during the incident. Boykin denied ever touching his daughters in a sexual way.
¶ 13. The jury, rather than this Court, is charged with the responsibility of resolving factual disputes. Brown v. State, 934 So.2d 1039, 1044 (¶ 18) (Miss.Ct.App.2006) (citing McNeal v. State, 617 So.2d 999, 1009 (Miss.1993)). The jury was faced with the victims’ account of the crime versus the defendant’s denial of the crime. Since the jury’s verdict was supported by the evidence, Boykin’s weight of the evidence issue must fail.
¶ 14. THE JUDGMENT OF LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF CHILD FONDLING AND SENTENCE ON EACH COUNT OF EIGHT YEARS TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE AND MYERS, P.JJ., . SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Due to the sensitive nature of this case, we refer to the victims by their initials only.

. Lindsey overruled the Turner procedure in part.

. We do note, however, that Boykin did not file a supplemental brief with the Court.