CARLTON, J.,
for the Court.
¶ 1. Eddie Mosley Davis was convicted by a Lauderdale County Circuit Court jury of the crime of sale of cocaine. On appeal, he contests the weight and sufficiency of the evidence and argues an erroneous jury instruction was given. We find no error and affirm his conviction and sentence.
FACTS
¶2. On December 15, 2004, Davis was the subject of an undercover drug purchase arranged by a confidential informant working for the East Mississippi Drug Task Force. The informant was positioned in a hotel room for the purpose of purchasing contraband. Davis arrived at the hotel and parked in front of the room in which the informant was located. Davis had his two children in the vehicle, a two-year old and an one-year old. Davis carried the younger child with him into the hotel room and the older child remained in the vehicle. The transaction took only about three minutes. Davis was arrested upon exiting the room and placing his child back into the vehicle. No weapon was found on Davis, but a pistol was recovered from the center console of the vehicle.
¶ 3. On March 29, 2005, Davis was indicted for sale of cocaine while in possession of a firearm. At the time of trial, the Task Force was unable to locate the confidential informant. The evidence against Davis included a tape recording of the transaction, the photocopied money given to the informant and found on Davis, the contraband given to the informant, and the testimony of several agents conducting the *1075 controlled purchase of contraband that day. A jury convicted Davis for the lesser-included offense of sale of cocaine. Davis was sentenced to fifteen years imprisonment, a $5,000 fine, and to pay court costs.
DISCUSSION

1. Jury Instruction

¶4. In his second assignment of error, Davis argues that the court erred by giving an instruction to the jury allowing them to consider convicting Davis for sale of cocaine when that charge was not listed as an offense on the indictment. According to Davis, the problem is that he prepared a defense against the possession of a firearm portion of the charge but not against the sale of cocaine element. Davis alleges that he would have prepared a defense against the crime of sale of cocaine if he had full knowledge that the State would be proceeding against him on that charge.
¶ 5. Davis presents a collection of case-law stating that to be valid, an indictment must contain the essential elements of the charged crime. Peterson v. State, 671 So.2d 647, 652-53 (Miss.1996). Davis also relies on caselaw stating that the purpose of an indictment is to notify a defendant of the charges against him in order to prepare an adequate defense. Lewis v. State, 897 So.2d 994, 996 (Miss.Ct.App.2004).
¶ 6. Under the indictment the prosecution had to prove that Davis “did wilfully, unlawfully, and feloniously and knowingly sell, barter, transfer, distribute or dispense approximately 1.59 grams of Cocaine ... WHILE IN POSSESSION OF A .380 PISTOL ...” in violation of Section 41-29-139 and 41-29-152. (emphasis in original). The jury returned a verdict finding Davis guilty of sale of cocaine.
¶ 7. On review for error, the jury instructions given are to be read as a whole. Johnson v. State, 908 So.2d 758, 764 (Miss.2005). When the given instructions explain the law fairly and no injustice is created, there is no error. Id. A trial court does not need to give redundant jury instructions. Swann v. State, 806 So.2d 1111,1117 (Miss.2002).
¶ 8. The jury was instructed that they could return a verdict finding Davis guilty of the lesser-included offense of sale of cocaine. A jury is statutorily authorized to find a defendant guilty of an inferior offense, “the commission of which is necessarily included in the offense with which he is charged in the indictment ... without any additional count in the indictment for that purpose.” Miss.Code Ann. § 99-19-5(1) (Supp.2006); State v. Shaw, 880 So.2d 296, 300-01 (Miss.2004).
¶ 9. The elements for the charge of sale of cocaine as listed in Section 41-29-139 are necessarily included to prove the crime of sale of cocaine while in possession of a firearm under Section 41-29-152. Section 41-29-152 simply provides for an enhanced penalty for the commission of a crime under Section 41-29-139. It is still necessary that each element of the charged offense under Section 41-29-139 be proven. The jury was properly instructed that Davis could be found guilty of sale of cocaine, a lesser-included offense to the charge of sale of cocaine while in possession of a firearm. There is no merit to the argument that an indictment is not valid because a lesser-included offense was not stated.

2. Weight and sufficiency of the evidence

¶ 10. The entirety of the argument Davis presents on this issue is based upon the assumption that the jury could only convict him of the enhanced crime of sale *1076 of cocaine while in possession of a firearm. Davis does not present an argument in response to his conviction for the lesser-included offense of sale of cocaine and therefore his argument as to the weight and sufficiency of the evidence is misplaced.
¶ 11. Having already found that the jury properly returned a verdict for the lesser-included offense of sale of cocaine, we conclude that the trial court properly denied the motions for directed verdict, judgment not withstanding the verdict, and a new trial.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR. ROBERTS, J., NOT PARTICIPATING.